JUDGE PETERS
delivered the opinion oe the court.
Appellant and Joseph Sampson, between whom angry words had passed, by mutual consent engaged in a personal conflict, in which Sampson was stabbed and killed. Appellant was indicted for the homicide, found guilty by a jury, and the court below, after overruling his motion for a new trial, pronounced judgment of death against him, and for a reversal of that judgment this appeal is prosecuted.
Thomas Wilson was introduced as a witness on the trial by the attorney, for the commonwealth to prove confessions made by appellant in relation to the homicide, in a conversation with one Henry Martin, in the hearing of Wilson, while he was guarding appellant, prior to his examination before the court of inquiry.
On being interrogated by the attorney for appellant, Wilson stated that “he could not remember all the conversation that took place; a great many things were said in the conversation that he did not remember.”
The attorney for the commonwealth then asked him “ to state what he did remember that Berry said.” To that appellant’s attorney objected; but the court overruled his objection, and permitted Wilson to answer the question; to which ruling of the court appellant by his attorney at the time excepted; and whether or not the court erred to the prejudice of appel *17 lant in permitting the question to be answered by Wilson will be first considered and disposed of.
The rule is well settled that if the prosecutor attempts to avail himself of the confessions of the prisoner, he must take all that he said at the time on the subject. Greenleaf says, “ In the proof of confessions, as in case of admissions in civil actions, the whole of what the prisoner said on the subject at the time of making the confession should be taken together.” This rule is the dictate of reason as well as of humanity. The prisoner is supposed to have stated a proposition respecting his own connection with the crime; but it is not reasonable to assume that the entire proposition with all its limitations was contained in one sentence, or in any particular number of sentences, excluding all other parts of the conversation.
As in other cases, the meaning and intent of the parties are collected from the whole writing taken together, and all the instruments executed at' one time by the parties and relating to the same matter are equally resorted to for that purpose. So here, if one part of a conversation is relied on as proof of a confession of the crime, the prisoner has a right to lay before the court the whole of what was said in that conversation; not being confined to so much only as is explanatory of the part already proved against him, but being permitted to give evidence of all that was said upon that occasion relative to the subject-matter in issue. (Yol. 1, sec. 218.)
If the witness called to prove the confessions of the prisoner says he does not remember all the conversation, and that a great many things yvere said in the conversation which hé did not remember, and is still permitted to testify without even stating that he remembers the substance of all that was said at the time on the subject, it is obvious that the rule is violated, and the humane part of it disregarded.
The court below therefore erred in admitting Wilson to testify as to the confessions of the prisoner, and for the same *18 reasons the evidence of Henry Martin as to confessions was incompetent.
"We do not understand the order of the court in reference to the challenge of jurors as the attorney for appellant seems to understand it. That order reads as follows: “The following additional jurors were taken, to wit, John Miller, Thomas Ballew, Joseph Turner, Fleming Shelton, Madison Shelton, Eli Smith & John Woodson, and James Taulbee were challenged by the the commonwealth.”
Some jurors included and named in this order were certainly taken, because it is so stated in express terms; who or which of them were taken on the panel must be determined by the grammatical and rational interpretation of the whole order.
Let the words of the sentence be slightly transposed so as to read thus: “The following additional jurors, to wit, John Miller, Thomas Ballew, Joseph Turner, Fleming Shelton, Madison Shelton, Eli Smith, were taken; and John Woodson and James Taulbee were challenged by the commonwealth.” This sentence contains every word that is in the order and not one more; the words composing each are identically the same, and every word has its appropriate and ordinary meaning, and every one of common understanding who should read it would know that the six persons first named in the order were taken on the jury, and the two last named were challenged. Whereas, if the construction contended for be allowed, the two words “were taken” must be wholly rejected, as no meaning could be given to them if the attorney’s interpretation prevails.
The character representing the- conjoining word “and,” immediately following the name Eli Smith, denotes that something is to be added to what preceded; which addition may be “and John Woodson and James Taulbee were challenged,” etc., which is consistent both with the rules of grammar and the propriety of speech.
*19 To the first instruction, given on motion of the attorney for the commonwealth, there seems to be no available objection; but the second is erroneous and prejudicial to appellant, for it not only assumes as proved that the knife was a dangerous weapon and was concealed from the deceased, but it confines the apprehension of the danger of death or great bodily harm on the part of appellant to the time when he agreed to fight the deceased, instead of also extending it to the time when the stabbing was done.
Appellant may have had no apprehension of serious injury from deceased when he agreed to_fight him; but during the fight something may have occurred to create a reasonable belief that he was then in danger of death or great bodily harm from deceased, and on account of the fear then apprehended used his knife.
The third instruction, like the second, excludes from the jury the consideration of the fact whether at the time appellant used his knife he had reasonable grounds to believe and did believe that he was in danger of death or great bodily harm from deceased, and assumes that the knife was a dangerous weapon, and appellant concealed it from deceased, instead of submitting the facts to the jury to be determined by them from the evidence.
Instruction No. 4 should have been qualified by the addition of the following after the words stabbed and killed deceased, “Unless the defendant had reasonable grounds to believe, and did believe at the time, -that he was in danger of losing his life or suffering great bodily harm from the deceased.” And instruction No. 5 should have been qualified in the same way. Instructions Nos. 6, 7, and 8 seem to be unobj ectionable.
All those asked for by appellant were given except No. 3, and that we think was properly refused for several reasons. In the first sentence of the instruction the jury were authorized *20 to acquit him if they believed from the evidence that defendant was under bonds to keep the peace, and deceased knew that fact, and brought on the difficulty for the purpose of killing him or doing him great bodily harm, although there was not at the time any real or apparent danger to defendant of death or great bodily harm, making the homicide excusable if the jury believed from the evidence that deceased brought on the fight with the intention of killing defendant or doing him great bodily harm, although at the time he gave the fatal stab there was no reasonable ground to believe, and although he might not have believed, that he was in danger of being killed or of suffering great bodily harm. And by another sentence in said instruction they were authorized to acquit defendant if from mere threats before and at the time of the fight, and from other circumstances surrounding the parties, he had reasonable ground to believe and did believe that he was in continued danger, not. that he was in danger of losing his life and suffering great bodily harm, but of any danger, even slight personal injury, either then or at any future time. This was not the law of the case, and the court below did not err in refusing to give it.
But for the reasons before stated the judgment is reversed, and the cause is remanded, with directions to award to appellant a new trial, and for further proceedings consistent herewith ; which is ordered to be certified to the court below.