## Dickson v. Commonwealth.

(Decided September 29, 1925.)

### Appeal from Fulton Circuit Court.

1. Criminal Law—Instruction Permitting Jury to Determine Whether Confession was Result of Whipping Error.—In prosecution for burglary, where confession had been obtained by whipping, it was error to give instruction which left question as to whether confession was result of whipping to jury, and to fail adequately to instruct as provided by Criminal Code of Practice, section 240, that confession not in open court would not warrant conviction in absence of other proof.

2. Criminal Law—Confession Obtained by Whipping Not Admissible. —Evidence of confession to crime of burglary, obtained by whipping, is not admissible, in view of Ky. Stats., section 1649b-1, et seq., relating to confessions obtained by "sweating."

3. Criminal Law—Court Must Embody Whole Law of Case in Instructions.—In prosecution for burglary, it was duty of court to embody the whole law of the case in its instructions.

McMURRY & McNEILL for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Dickson, and one Dewey Jones were indicted and convicted in the Fulton circuit court of the

crime of "housebreaking," and their punishment fixed at a term of five years each in the penitentiary. Appellant and his companion are young negro boys. Johnson, the prosecuting witness, testified he left his house on Sunday morning and went to church, leaving the two boys on the premises but not in the house. Another family resided there and they remained at home. Johnson fastened his door before he left. When he returned the boys were about the place. They appear to have been employed by him. As Johnson had to leave early next morning he prepared his work clothes that night before retiring. Some of them were missing. He accused appellant and Jones of entering his house and stealing them. They denied it. Appellant said he did not know anything about the clothes. Johnson then took the boys to a deputy sheriff named Wright, and Wright asked them about the clothes. They denied knowledge of them, whereupon the deputy sheriff beat them with a blackjack until they confessed. At the trial this confession was given in evidence against the accused. There was no other substantial evidence against them.

Appellant complains that the trial court failed to properly instruct the jury. As the Commonwealth relied chiefly upon the alleged confession of appellant and his companion made out of court, for conviction the court should have instructed the jury as provided by section 240 of the Criminal Code. Instruction No. 7 given by the court attempts in a feeble way to present this theory of the case but does not do so in a proper way. That instruction reads:

"You are further instructed that if you shall believe from the evidence to the exclusion of a reasonable doubt that any statement or statements detailed in evidence as having been made by either defendant amounting to a confession by him of guilt*y*, you are instructed that a confession of the accused, if any there was, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed."

The court should not have submitted to the jury the question of whether the confession was the result of the whipping which the deputy sheriff gave appellant and his companion, for all the evidence is to that effect. The

deputy sheriff himself so testifies, as did all the other witnesses. The deputy sheriff was asked:

"Q. Did you promise them any reward or anything to get them to tell you they broke into the house and took the clothes? A. No, sir. Q. Did you abuse them in any way? A. I whipped them a little. Q. Before they delivered the clothes to you? A. Yes, I had to do that before they would deliver the clothing."

One of the boys testified: "He asked me did we break into that man's house and I told him no." "Q. Did he hit you then? A. He hit me and he says, 'Yes, you did,' and keeped on beating me and says, "Didn't that boy break into that house?' and I says 'No;' he says, 'Yes, you all did;' he says, 'Didn't you watch while he went in,' and I told him 'No, I didn't know anything about it.' "

The conduct of the deputy sheriff having custody of appellant and his companion was most reprehensible. He was doing more to shame the law and its enforcement than the boys whom he forced to confess. The court should not have admitted the evidence of the confession obtained from appellant and his companion under the lash of the deputy sheriff. It was a most flagrant violation of our statutes, section 1649b-1, et seq. That act defines sweating as questioning a person in custody charged with crime in an attempt to obtain information from him concerning his connection with the crime, or knowledge thereof, after he has been arrested and in custody, as stated, by plying him with questions or by threats or other wrongful means, extorting from him information to be used against him as testimony upon his trial for such alleged offense.

The act then provides that it shall be unlawful for "any sheriff, jailer, marshal, constable, policeman or other officer or any peace officer, or any person having in his custody any person charged with crime, to sweat such person or permit any person so to do while such prisoner is in charge of such officer."

Section 1649b-3 provides: "That no confession obtained by means of sweating, as defined herein, shall be permitted as evidence in any court of law in this state, but shall be deemed to have been obtained by duress, if it be shown that such confession was made after the arrest of the party charged with crime, and while he was in the custody of the law."

A heavy penalty is provided against a person who violates the provisions of this act. Both the witness, Johnson, and the deputy sheriff, Wright, according to their own testimony, as well as that of appellant, given upon the trial of appellant, are guilty of the crime denounced by the anti-sweating act. A greater outrage could hardly be perpetrated in the pretended enforcement of the law than these men testify they committed.

Counsel for appellant did not object to much of the incompetent evidence but did object to some of it. It was the duty of the court to embody the whole law of the case in its instructions to the jury. This was not done. Evidently the instructions were hurriedly prepared. They are erroneous in several particulars. We entertain no doubt that the learned trial judge can, when his attention is directed to it, draft a set of instructions which will present the law of the case to the jury. As only Dickson appealed, the judgment affecting him alone is reversed for proceedings consistent with this opinion.

Judgment reversed.