## Singleton v. Commonwealth.

(Decided October 9, 1925.)

### Appeal from Rockcastle Circuit Court.

1. Criminal Law—Failure of Indictment in Prosecution for False Swearing to Show Venue of Investigation in which Defendant was Claimed to have Made Statement which he Afterwards Denied on Oath Held Immaterial.—In prosecution for false swearing, in which it was claimed that defendant, in an investigation before the county judge, made a statement which he afterward denied on oath, and on which denial indictment was based, failure to show venue of investigation held immaterial.

2. Criminal Law—Venue of False Oath in Prosecution for False Swearing Held Sufficiently Shown.—In prosecution for false swearing, based on denial on oath of statement previously made in investigation before county judge, venue of false oath held sufficiently shown.

3. Perjury—Indictment Held to Aver that Defendant's False Testimony was Corruptly Given, with Knowledge of its Falsity.—In prosecution for false swearing in giving testimony, indictment held to aver that false testimony was corruptly given with knowledge of its falsity.

4. Perjury—Evidence Held to Sustain Finding that Defendant Testified Falsely when he Denied having Made Statement in Investigation.—In prosecution for false swearing, based on denial under oath by defendant that he had made a certain statement in investigation before county judge, evidence held to sustain finding that defendant testified falsely when he denied having made statement in investigation.

5. Criminal Law—Failure to Produce Record of Trial in which Defendant was Alleged to have Made False Oath Held Not Prejudicial.—In prosecution for false swearing, failure to produce record

of trial in which defendant was alleged to have made the false oath held not prejudicial, where fact of defendant's trial and testimony he gave therein, including false oath with which he was charged, was testified to by witnesses for Commonwealth without objection.

6.  Criminal Law—Statements by Defendant in Investigation to Determine who was Supplying Him with Intoxicating Liquor Held Not Protected by the Anti-Sweating Act.—Statements made by defendant in an investigation before county judge, conducted, not to establish his guilt of transporting or possessing whiskey in violation of the Rash-Gullion Act, but to identify the one who was supplying him and others with liquor, held not protected by Ky. Stats., sections 1649b-1, 1649b-3, in that information sought to be elicited was obtained by process of sweating.

S. D. LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant, John B. Singleton, was convicted in the Rockcastle circuit court of the crime of false swearing and his punishment fixed at confinement in the penitentiary for a period of two years. His motion for a new trial was overruled, and from the judgment pronounced on the verdict he prosecutes this appeal, relying for reversal on two grounds: (1) Error of the court in overruling the demurrer filed to the indictment, and (2) the admission of incompetent evidence and its insufficiency to sustain the verdict, each of which we will consider and determine in the order named.

1.  One argument made in support of ground (1) is that it was not alleged in the indictment that the investigation held before the county judge, and in which it is claimed by the Commonwealth that defendant made the statement which he afterwards denied on oath and upon which denial this indictment is based, was had in Rockcastle county; but clearly counsel misconceives the situation, since the offense for which defendant is prosecuted consists in his false statement while on trial, and the venue of the fact about which he falsely testified forms no element of the offense of false swearing for which he was indicted and tried. Neither can the intimation in brief that the venue of the false oath was not shown, be sustained. It is true that no witness stated in express terms that the false oath was made in "Rockcastle

county,'' but the witnesses did state that the trial of defendant, and in which he is charged with making the false oath, was had in the courthouse in Mt. Vernon. It is further argued in support of the demurrer that the indictment is fatally defective because of its failure to aver that the false testimony with which defendant was charged was corruptly given with *knowledge* of its falsity; but an examination of the indictment will conclusively demonstrate that such contention is without merit. The language of the indictment upon this point was, and is, that defendant, after being sworn as a witness in his own behalf and at his instance, ''did unlawfully, feloniously, falsely, knowingly and corruptly, depose and state,'' &c. That averment conforms to the technical requirements of, not only the statutory offense of false swearing, but likewise of the common law offense of perjury, and is in the exact phraseology approved by this court in every case where the question has been presented. There is, therefore, no merit in ground (1).

2. In disposing of this ground it will be necessary to make a brief statement of the substantial facts. On a Sunday morning in April, 1922, defendant was arrested by a constable at Livingston, in Rockcastle county, and he was brought to Mt. Vernon, the county seat, by the officer who arrested him, and taken before the county judge in the latter's office in the courthouse. The county attorney, sheriff and a federal officer were present, the defendant being charged with unlawfully transporting or possessing intoxicating liquor, three gallons of which he had in his possession at the time he was arrested. The county judge seems to have held some sort of inquisition, not for the purpose, as it appears, to obtain evidence *against* defendant, since he voluntarily confessed to the county judge, and before the investigation commenced, that ''Well, you have got me.'' However the officers present, and especially the federal one, plied him with questions as to the person from whom he obtained the liquor, and finally it is said by those witnesses that he stated that he obtained it from one John Drew, and that it was his (defendant's) whiskey. At the trial before the county judge, upon the charge of transporting or possessing the same liquor, he was asked if he did not state before the officers on that Sunday morning that the whiskey was his and that he obtained it from John Drew, to which he answered in the negative, and it was upon that denial that this indictment was found. All of the persons pres-

ent on that Sunday morning testified on this trial that he did make the statements which he denied on his trial for transporting or possessing liquor, and there was abundant testimony on this trial to show and to sustain the finding of the jury that he testified falsely when he denied having made them.

Under this ground it is argued, (a) that the Commonwealth should have produced the record of the quarterly court of the trial of defendant under the warrant charging him with transporting or possessing intoxicating liquor, and in which he is alleged to have made the false oath, but that question is not presented by this record, since the *fact* of defendant's trial upon that warrant, as well as the testimony he gave therein (including the false oath with which he is herein charged) was testified to by the county judge, and all other witnesses for the Commonwealth, without objection. Indeed, about the only fact that, perhaps, should have been proved by the record, was the one that a trial was actually had, and that it was upon a charge duly and properly pending. There necessarily was no record made of the testimony given by defendant on that trial, and it is perfectly competent for him to waive record proof of his trial and the offense for which he was being tried and to allow those facts to be established by parol testimony, and he did so in this case by not objecting to the oral testimony of the witnesses. We, therefore, conclude that argument (a) in support of this ground cannot be sustained.

A more serious question is argument (b) made in support thereof, which is, that upon the Sunday morning when defendant is alleged to have made the statements which he afterwards on his trial denied, he was being "sweated" contrary to the provisions of sections 1649b-1 and 1649b-2 of the 1922 edition of Carroll's Kentucky Statutes, commonly known as the "Anti-Sweating Act," and that under the third section of that act (1649b-3 of the statutes) the statements that he made therein, and which he is charged herein with afterwards falsely denying, were incompetent against him on this trial, since the last section referred to expressly provides, "That no confession obtained by means of sweating, as defined herein, shall be permitted as evidence in any court of law in this state, but shall be deemed to have been obtained by duress, if it be shown that such confession was made after the arrest of the party charged with crime, and while he was in custody of the law."

In disposing of this argument, we could appropriately do so upon the same ground that we disposed of argument (a), since there was no objection whatever to the testimony of any of the Commonwealth's witnesses as to the statements of defendant made by him before the officers on the Sunday morning of the inquisition, and wherein the Anti-Sweating Act was alleged to have been violated. But because of the importance of the question, we have concluded to dispose of it upon its merits.

The first section of the statute against sweating of a defendant forbids "extorting from him information to be used against him as testimony upon his trial for such alleged crime," which would seem to indicate that the inhibition of the statute against the use of such statements or confession, was confined to the trial of defendant upon a charge involving the crime against him and about which he was being sweated. But whether so or not, when defendant was asked or inquired of by the officers on that Sunday morning as to whose liquor he then had in his possession, and where he obtained it, the answer could not in the least add to or detract from his guilt of transporting it, since the ownership of the liquor, as well as the source from whence it was obtained, form no elements of the crime of unlawfully transporting or possessing liquor. The Rash-Gullion Act, which is our prohibitory statute, expressly provides for such inquisitions, and renders the witnesses immune from prosecution for any offense divulged by them upon such a hearing. The purpose of the officers upon the occasion here involved was to learn, if possible, the source from which defendant, and perhaps others, were supplying themselves with intoxicating liquor, so that such persons might be apprehended and prosecuted. The guilty information which any witness might divulge upon such investigations could not possibly be used against him, under the very express terms of the prohibitory statute, if it involved him in crime; and for that reason we and other courts have held that a witness may be compelled to answer and tell the truth when being examined at such investigations. It is, therefore, patent that so far as this record shows, defendant was not being *sweated* on the Sunday morning in question for the purpose of establishing his guilt of transporting or possessing the whiskey. On the contrary, he was being interrogated for the purpose of identifying the one who was supplying him and perhaps others with the contraband article; and,

since it was proper to interrogate him for the purpose of obtaining that information, and he by the terms of the statute would be rendered immune from prosecution based on any information he might divulge, we conclude that the statements he made were not protected by any section of the Anti-Sweating Act, upon the ground that the information sought to be elicited was not obtained by the process of sweating as condemned by the act, but grew out of legitimate investigation expressly provided for by a statute which this and other courts have upheld.

It is, therefore, apparent that there is no merit in this argument, even if the question had been properly preserved and presented. Wherefore, the judgment is affirmed.