## Saylor v. Commonwealth.

(Decided November 29, 1927.)

### Appeal from Leslie Circuit Court.

1. Criminal Law.—Decision of Court of Appeals on former appeal that admission of same or similar evidence of dying declaration, in absence of introduction of written statement, or without accounting for its absence on first trial, was not error, was "law of case."
2. Criminal Law.—Court of Appeals cannot reverse case, unless errors relied on were prejudicial to substantial rights of accused.
3. Criminal Law.—Where decedent, in making his dying declaration, said that brother of accused shot him first in back, and that he and accused then began shooting at about the same time, this was all part of res gestae, and could be embraced in dying declaration.

LEWIS & LEWIS, J. B. MINIARD, CLEON K. CALVERT and W. H. LEWIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

Appellant was tried under an indictment charging him with the murder of Elhannon Collins, and was found guilty of manslaughter. His punishment was fixed at 21 years in the state penitentiary. He appealed to this court, and the judgment was reversed on the sole ground that the instructions given by the lower court were erroneous. Saylor v. Com., 210 Ky. 796, 276 S. W. 841. The case was remanded, and another trial was had, the appellant again being convicted, and his punishment fixed at 10 years' confinement in the penitentiary. He has again appealed, and an examination of the brief filed in his behalf shows that he is relying for a reversal solely on the rulings of the lower court on the admission and rejection of evidence. His chief complaint is that the dying declaration of Collins was reduced to writing and signed by him, and that the court allowed testimony as to the dying declaration, in the absence of the introduction of the written statement, or without accounting for its absence. The appellant makes a strong argument in support of his contention on this point, and cites authorities tending to support it. There seem to be some rather fine distinctions drawn between one case and an-

other relating to the admission of oral testimony to prove a dying declaration when such declaration was reduced to writing and signed. But this court, on the former appeal in this case, held that the admission of the same or similar evidence on the first trial was not error, and that is the law of this case, and we are not at liberty to depart from it. Since, however, there is nothing in the record which would indicate that the written statement was different from the oral testimony heard, we could well say that the error, if any, in the admission of the oral testimony was not prejudicial to the substantial rights of appellant, and we are not to reverse a case, unless the errors relied on were prejudicial to the substantial rights of the appellant.

It is further complained that the lower court admitted other incompetent evidence, and counsel quotes evidence illustrating his general statement that much incompetent evidence was allowed by the court. The evidence quoted relates to a portion of the dying declaration testified about by some of the witnesses. It was testified to that decedent, in making his dying declaration, said that Giles Saylor, a brother of appellant, shot him first in the back, and that he and appellant then began shooting about the same time. This was all a part of the res gestae, and for that reason could be embraced in a dying declaration. We find very few objections to the evidence made by the appellant except to that portion of the evidence relating to the dying declaration, and a careful examination of the evidence where objections were made convinces us that the court was not in error in overruling the objections. It is true that much of the evidence was elicited from witnesses for the commonwealth through leading questions, but counsel for appellant at the time generally did not deem the form of the questions sufficiently prejudicial to require an objection, and we concur in that position.

No errors are pointed out in the brief filed in behalf of appellant which would enable us to conclude that he did not have a fair trial.

Judgment affirmed.