# Bennett v. Commonwealth.

(Decided February 9, 1932.)

J. RIVERS WRIGHT and GORDON KINSEY for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

For the third time Robert Lee Bennett appeals from a death sentence for murder. The judgment on the first trial was reversed on the ground that the voluntary nature of appellant's confession was a question for the jury. Bennett v. Commonwealth, 226 Ky. 529, 11 S. W. (2d) 437. On the second trial the judgment was reversed because of the admission of incompetent evidence. Bennett v. Commonwealth, 234 Ky. 333, 28 S. W. (2d) 24.

In view of our former opinions it will not be necessary to set out the evidence. We shall therefore proceed to discuss a few of the errors relied on for a reversal.

1. It is first insisted that the court erred in denying a change of venue. On the hearing of the motion the weight of the evidence was to the effect that there was no public feeling in Jefferson county against appellant, and that he could have a fair and impartial trial there. On this showing the court did not abuse a sound discretion in overruling the motion. Hutsell v. Commonwealth, 225 Ky. 492, 9 S. W. (2d) 132.

2. Another contention is that the court erred in not holding as a matter of law that the confessions were obtained in violation of the anti-sweating act (Ky. Stats., sec. 1649b-1 et seq.). On the former appeals it was held that the evidence was such as to make that question one for the jury, and the evidence on the last trial being substantially the same, those opinions are the law of the case and controlling not only on the circuit court, but this court as well. Saylor v. Commonwealth, 222 Ky. 130, 300 S. W. 330.

3. The further point is made that the evidence other than that obtained by the confession was not sufficient to take the case to the jury, and that the court erred in not giving an offered instruction telling the jury in substance that, if they believed that the confession was obtained by coercion, they should acquit appellant. On the second appeal we ruled that, excluding the confessions, the evidence was sufficient to take the case to the jury, and as the evidence on the second trial does not differ materially from that heard on the last trial, that ruling is also the law of the case. That being true, appellant was not entitled to the offered instruction.

4. The contention that the commonwealth's attorney indulged in improper argument presents a more serious question. In addition to other remarks not always based on the evidence, the bill of exceptions shows that over appellant's objection, and motion to discharge the jury, counsel used the following language:

"Whenever an officer takes a slap at a prisoner"—

"Objected to, overruled, to which defendant excepts.

—"don't let the slap interfere with doing justice to the murderer who defied justice. Is it fair for you

to say, because some officer does a thing he should not do, assuming he did slap this defendant and slapped him hard—is it right then, I ask you, because that was done, to free the guilty murderer? Do you think a slap in the face, or a crack in the jaw with the fist, is a proper punishment for the damnable crime that he has committed? Do you think that a crack in the jaw, or any sort of beating he might have gotten on Saturday, which he did not get on Monday, would make this man here, who has been around the country, who has been more or less of a chiseler, a loafer"—

"Objected to, overruled, to which defendant excepts.

—"and a bum, a hardened associate of crooks, undoubtedly it is not in the record that he had, but I can see from the effects of these things, and from what I know now, behind the scene. Do you think a crack in the jaw would make him admit to a murder? I know you do not believe it. He did not confess to Staley, General Logan reminds me—I was not in here at the time but I understand that Mr. Wright stated that Major McGillicuddy was not Chief any more and probably you ought not to believe him—

"Mr. Wright. I object to the statement. I made no such statement".

"Objection overruled, to which ruling the defendant excepts.

"Mr. Otte. If you did not make it I am sorry"

"Mr. Wright. I did not make it."

"Mr. Otte. I am sorry I said it since you claim you did not say it, because it would be an unfair statement, for these jobs, like McGilicuddy's come from political appointments, and there is a different faction in each party. Mr. McGilicuddy is a very fine gentleman. I have known him and worked with him as long as I have with any of these people around here, and what he told you was the truth. He would not permit anybody to be whipped. . . . They say that on Saturday Staley hit and slapped him. Assuming that is true, and that he got hit down there at the house, I want to say to you if he got hit

very severely there was certainly no evidence on his face or anywhere that you could see, nor did he make any complaint about it. On Monday at 9 or 10 o'clock, if he got any beating, it was not very severe, and I expect a good sound whipping would have done that fellow lots of good, and he should have had it years ago, but I don't think he got it. . . . Do you believe because Staley slapped him in the mouth, or whatever caused him to act like a good boy, and to sign this statement, then you ought to acquit him?''

Passing the abusive epithets applied to appellant, and the propriety of counsel's giving a certificate of character to one of the commonwealth's witnesses, we shall take up the remarks bearing on the confessions.

On the question of confessions the court had instructed the jury as follows: ''No. 8. If the jury believe from the evidence that the admissions or confessions made by the defendant to the police officers, if he did make them, were extorted from him by use of violence by the police officers or by plying the defendant with questions to such an extent or by threats of such a character as to overcome his powers of resistance, and so to make the said confession or admissions other than voluntary on the part of the defendant, then the said confessions or admissions so made by the said defendant, if he did make them, are inadmissible, in evidence in this case, and the jury should not consider them for any purpose.'' Under this instruction the jurors were called on to decide whether the confessions were obtained in the manner denounced by the instruction. If not, they had a right to consider the confessions. Otherwise it was their duty to reject them. If rejected, it then became their duty to decide whether the evidence other than the confessions·was sufficient to establish appellant's guilt. Counsel did not confine his remarks to a discussion of the evidence bearing on the questions submitted in the instruction. Though the jury had been told if the confessions were obtained by violence, etc., they were not admissible, counsel said to the jury first:

''Whenever an officer takes a slap at a prisoner, don't let the slap interfere with doing justice to the murderer who defied justice. . . . Do you think a slap in the face, or a crack in the jaw with the fist, is a proper punishment for the damnable crime

that he has committed? . . . Do you think a crack in the jaw would make him admit to a murder? . . . On Monday at 9 or 10 o'clock, if he got any beating, it was not very severe, and I expect a good sound whipping would have done that fellow lots of good, and he should have had it years ago, but I don't think he got it. . . . Do you believe that because Staley slapped him in the mouth, or whatever caused him to act like a good boy, and to sign this statement, then you ought to acquit him?''

The purpose of this argument was, not to show that violence was not employed, but to persuade the jury that, if appellant was beaten, the beating was deserved, and therefore excusable, and should play no part in the deliberations of the jury. In short, it was a plea of justification, and a direct appeal to the jury to overlook what the officers had done, even though it amounted to a violation of the anti-sweating act as set forth in the instruction. A fair and impartial trial is no less important than conviction of the guilty. The commonwealth's attorney is an officer of the state, and occupies a position of commanding influence with the jurors, who are naturally inclined to look to him for guidance, and to find in his arguments the basis for their conclusions. For this reason he is charged with the duty to see that the legal rights of the accused, as well as those of the commonwealth, are fully protected, and this duty applies to his argument as well as the other steps in the conduct of the trial. Johnson v. Commonwealth, 217 Ky. 565, 290 S. W. 325. Though given a wide latitude in the discussion of the evidence and the deductions to be drawn therefrom, he is bound to follow the law as given by the court, and an argument that discounts or nullifies the instructions transcends the limits of fair debate. Such was the argument complained of, and there is no escape from the conclusion that it was prejudicial to appellant's substantial rights.

As probably they will not occur on another trial, the other grounds relied on for reversal have not been discussed or considered.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.

Whole court sitting.

THOMAS and WILLIS, JJ., dissenting.