# Meadors v. Commonwealth.

Feb. 6, 1940.

W. B. Early and L. O. Siler for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The appeal is by Taft Meadors from a judgment of death for the murder of George Hamblin.

The general facts are stated in Canada v. Commonwealth, 281 Ky. 641, ... S. W. (2d) ..., in an opinion delivered today. Additional particular facts as to the appellant's guilt were shown in substantial proof of identification of his footprints at the scene of the crime and a confession reduced to writing and signed by him. The confession is in substance that by Albert Canada's express direction he, Taft Meadors, Henry Earls, Orville Richmond and Everett Canada went to Hamblin's home and killed him.

Upon his arrest on Monday morning the defendant was taken to the office of the commonwealth's attorney and questioned by officers and others. That night he was taken from the jail to the same place and again questioned. Upon neither occasion did he admit guilt or self-incrimination. On Wednesday night following,

the defendant was again taken there and late that night he made a complete confession. It was transcribed by a stenographer and later signed by the defendant. The defendant denied the truth of the confession and said the statements had been extorted from him by threats and promises. His testimony clearly established a violation of the Anti-Sweating Act. Section 1649b-1 et seq., Kentucky Statutes. The testimony in contradiction was evasive and weak, but was not such that the court could say as a matter of law that the confession had been obtained in violation of the statute. The contradiction was such that under the present practice the court was required to submit to the jury the finding of fact upon which they might or might not regard the confession as competent evidence. Bennett v. Commonwealth, 226 Ky. 529, 11 S. W. (2d) 437. However, such instruction was not given until after an argument had been made in behalf of the accused and of the commonwealth, respectively. Then an instruction was given substantially like that approved in Bennett v. Commonwealth, 242 Ky. 377, 46 S. W. (2d) 484. There was further argument for each side after this instruction was given. It is much the better practice, and always desirable, that all instructions be given before there is any argument of a case. But it is ordinarily not prejudicial error for the court to give a necessary instruction during or after argument if the parties are afforded an opportunity to discuss or argue the case and that instruction. Middleton v. Commonwealth, 136 Ky. 354, 124 S. W. 355; Tucker v. Commonwealth, 255 Ky. 635, 75 S. W. (2d) 220.

Throughout the trial, defendant's counsel consistently objected to the introduction of evidence concerning the confession and statements made by the defendant at the three inquisitions. During his cross-examination, as the predicate for contradiction, he was asked if on one or the other of those occasions he had made certain statements which were not in accord with his testimony. The court overruled the defendant's motion to exclude all of it because the transcripts from which the attorney for the commonwealth had read the questions and answers had not been made a part of the record and had not been exhibited to the defendant's attorneys. Again, when the stenographer was called to testify as to the contradictions, defendant's counsel moved the court that

the transcript be produced and that they be permitted to examine it. The court overruled the motion. Was the denial of an inspection of the transcripts prejudicial error?

Where there is a stenographic transcript of previous testimony or statements, it is proper practice for the purpose of impeachment of a witness to ask if he was not asked certain questions and made certain answers, and if he denies them, then for the stenographer to testify from his notes or an accurate transcript that those questions and answers were asked and made. Illinois Central Railroad Company v. Johnson, Ky., 115 S. W. 798. It is not necessary that the transcript, such as a deposition, should have been filed as a part of the record. Ohio Valley Mills v. Louisville Railway Company, 168 Ky. 758, 182 S. W. 955. We have recently held this method of examination and production of contradictory statements to be proper where the witness was given an opportunity to examine the transcript and did so. Kinder v. Commonwealth, 263 Ky. 145, 92 S. W. (2d) 8.

It is a rule of general acceptation, made mandatory by both Sections 598 and 604 of our Civil Code of Practice, that before a writing can be used as a means of contradicting a witness he be given an opportunity to read or hear all of it read and be given a chance to explain it. While technically a stenographer's transcript may not be the kind of writing specifically referred to by the Code, since it is but another person's record of verbal statements, yet such duly authenticated transcript is usually an accurate memorial of the statements, and for practical purposes it is treated as a written statement of the person examined. The superior probative worth of such record over mere memory is recognized by statute and the courts. Kentucky Statutes, Section 1019a-6 et seq., 4643 et seq.; Moore v. Commonwealth, 143 Ky. 405, 136 S. W. 608. Regardless of that conception, no principle is better settled or more familiar than that if one party puts in evidence a part of the admissions or conversation of the other, the latter is entitled to produce or draw out by cross-examination testimony concerning all that was said upon the occasion. It is patent that were the rule otherwise, unfairness might result. The development of the whole conversa-

tion or statement may not only be necessary to render the part produced intelligible, but the force and effect of a portion may be greatly modified or affected by the context or the connection in which that portion was uttered. And in the case of the examination of a witness, particularly under circumstances in which this defendant was questioned, he may have cleared up an apparent contradiction as proved by some isolated question and answer. It is a rule of equal general recognition in the practice of criminal law that where the prosecution introduces statements of the defendant tending to show that he is guilty, he has the right, on cross-examination, to elicit from the witnesses relating those statements the whole of the relevant and material subject matter, even though the statements so drawn out are self-serving or favorable to him. 1 Greenleaf, Evidence, Section 218; Wharton, Criminal Evidence, p. 1299; 70 C. J. 632, 706; Green v. Commonwealth, 83 S. W. 638, 26 Ky. Law Rep. 1221; Powers v. Commonwealth, 110 Ky. 386, 61 S. W. 735, 22 Ky. Law Rep. 1807, 53 L. R. A. 245; McCandless v. Commonwealth, 170 Ky. 301, 185 S. W. 1100; Collins v. Commonwealth, 227 Ky. 349, 13 S. W. (2d) 263. Commenting on the rule as to admitting all the prisoner said on the subject at the time of making a confession, the court wrote in Berry v. Commonwealth, 73 Ky. 15, 10 Bush 15:

> "This rule is the dictate of reason as well as of humanity. The prisoner is supposed to have stated a proposition respecting his own connection with the crime; but it is not reasonable to assume that the entire proposition with all its limitations was contained in one sentence, or in any particular number of sentences, excluding all other parts of the conversation."

The same rule must apply in the matter of impeaching a witness by proving contradictory statements. In such application, the witness ought to be permitted to state any facts which will explain or reconcile the seemingly or actually inconsistent utterances, or to show their relation one to another and the meaning and purpose of each. Underhill, Criminal Evidence, Section 380. And as a stenographer is not expected to relate the contradictory statements from sheer memory and without referring to his notes or transcript, so his notes or

transcript used by counsel or himself ought to be shown to the witness under examination or to counsel introducing him. Underhill, Section 422. It is fair and important that opportunity be given to develop the whole statement or to show that the context puts a meaning upon some isolated or particular question or answer which is consistent with the testimony given on the trial. Wherefore, under such circumstances, the witness or counsel should be given the right to inspect and to use on re-direct examination the transcript or any other writing used in the cross-examination if it is in court, whether it be filed of record or not. Such is the general rule, and a failure to observe it may be prejudicial error, depending upon the particular circumstances. 70 C. J. 597, 713. In any instance, the scope and extent of the use of the transcript and presentation of portions of its contents should be limited by the court in his discretion and confined to the particular subject matter, having due regard for the rule of relevancy. 70 C. J. 632. We think the failure to permit an inspection of the transcripts by the defendant's counsel and an appropriate re-examination of the witnesses was prejudicial error.

As in the Canada case, the evidence in this one was permitted—and properly so—to take a wide range, and acts and statements of the alleged co-conspirators in furtherance of the conspiracy charged before its consummation were proved. As held in that opinion, so it must be held here that an instruction should have been given confining the jury in their consideration of those acts and utterances. Upon another trial an instruction in substantially this form, following the definition of "conspiracy," will be proper:

"If the jury believe beyond a reasonable doubt from the evidence independent of and aside from the acts and statements of Albert Canada, Henry Earls, Orville Richmond and Everett Canada, or any one of them, done or said in the absence of the defendant, Meadors, that a conspiracy was formed by them, or any of them, with the defendant, Meadors, to kill George Hamblin, and that the conspiracy existed at the time such acts were done or statements made, then the jury may consider in this case such acts and statements of any of said alleged co-conspirators. But if the jury do not so believe beyond a

reasonable doubt independent of and aside from such acts and statements of such persons or person that such conspiracy existed at the time, you will not consider such acts or statements as evidence in this case for any purpose whatsoever.''

See Skillian v. Commonwealth, 206 Ky. 586, 268 S. W. 299, 300; Crenshaw v. Commonwealth, 227 Ky. 223, 12 S. W. (2d) 336; Davis v. Commonwealth, 256 Ky. 423, 76 S. W. (2d) 259; Canada v. Commonwealth, 281 Ky. 641, 136 S. W. (2d) 1061, opinion delivered today.

Accordingly, the judgment is reversed.

Whole court sitting.