**Garvin MAYNARD et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 1, 1974.

Anthony M. Wilhoit, J. Vincent Aprile, II, Frankfort, for appellants.

Ed W. Hancock, Atty. Gen., Mary Ann Delaney, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

On April 5, 1973, Garvin Maynard, Donald Ralph Starnes, and Jimmy Dale Maynard were convicted of shooting into or aiding and abetting shooting into a dwelling house, and each was sentenced to five years' imprisonment.

Each was represented by the same court-appointed counsel, Robert Wilson. At a pretrial hearing on March 1, 1973, Mr. Wilson made this statement to the court: "I can't possibly defend three of them, and if the lawyer could defend them, that is, provided I could defend them, the defense Jimmy Dale Maynard has got compared with the defense of Donald Ralph and Garvin, it would just be impossible."

At a March 7, 1973, hearing the motion for appointment of separate counsel was overruled. To this ruling Mr. Wilson replied:

"I would like to state for the record I cannot adequately defend three people that have antagonistic defenses and I have found, from interviewing them, that they are antagonistic."

The appellants allege prejudice from this denial of separate counsel. In Maye v. Commonwealth, Ky., 386 S.W.2d 731 (1965), this court strongly indicated that failure to appoint separate counsel upon motion would constitute prejudicial error and stated as follows:

"The statements contained in the movant's brief on this appeal raise one specter that moves us to utter a word of caution to the trial bench in general with respect to appointing for one defendant an attorney who is representing his co-defendant. In such cases there is always a possibility, and usually a probability, of conflicting interests between the two, and only separate counsel can

protect each from possible advantage by the other. * * *."

The American Bar Association's approved draft on Standards Relating to the Prosecution Function and the Defense Function published by the Institute of Judicial Administration states in the Defense Function, Section 3.5(b):

"The potential for conflict of interest in representing multiple defendants is so grave that ordinarily a lawyer should decline to act for more than one of several co-defendants except in unusual situations when, after careful investigation, it is clear that no conflict is likely to develop and when the defendants give an informed consent to such multiple representation."

The court erred in not appointing separate counsel to represent these co-defendants. As we find this error sufficient for reversal, we will not pass upon the other alleged errors.

The judgment is reversed with directions that appellants be granted a new trial.

All concur.