Fletcher **NAPIER** et al., Appellants,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 8, 1974.

Anthony M. Wilhoit, Public Defender, David E. Murrell, Deputy Public Defender, Frankfort, for appellants.

Ed W. Hancock, Atty. Gen., Robert W. Riley, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment sentencing each of the appellants to life imprisonment as a result of their conviction of the crime of conspiracy to commit murder.

The homicide occurred August 21, 1973. Three of the appellants were indicted August 23, 1973, and the fourth appellant was indicted August 28, 1973. The appellants were tried jointly on August 31, 1973. They were each represented at the trial by the same court-appointed counsel.

The case for the Commonwealth consisted almost entirely of the testimony of various investigative officers who were permitted to testify over appellants' objections about out-of-court statements made by the co-defendants which to some extent constituted admissions against their interest but also directly implicated other co-defendants in the commission of the crime. These statements were made several hours after the homicide took place.

Appellants advance seven grounds for reversal of the judgment. They are: (1) Error of the trial court in overruling appellants' motion for a continuance; (2) error in not appointing separate counsel; (3) error in admission of out-of-court statements in testimony; (4) error by failing to direct verdict for appellants; (5) error in admitting into evidence over objection items obtained in warrantless search; (6) error in allowing testimony of witness who remained in courtroom in violation of RCr 9.48; (7) improper and prejudicial opening and closing statements of the Commonwealth's Attorney.

■ We must reverse the judgment because of the improper admission into evidence of the out-of-court statements of the appellants which constituted direct evidence of the guilt of their co-defendants.

None of the appellants testified in his own behalf and their out-of-court statements were admitted on the theory that in prosecutions for conspiracy the actions and statements of one of the co-conspirators are admissible against all. The general rule however is that the statements of co-conspirators are admissible against each other only if the statements were made in furtherance of the common purpose of the conspiracy and only if the conspiracy existed at the time the statements were made. Ray v. Commonweatlth, Ky., 284 S.W.2d 76 (1955); Meadors v. Commonwealth, 281 Ky. 622, 136 S.W.2d 1066 (1940); Shell v. Commonwealth, 245 Ky. 223, 53 S.W.2d 524 (1932); Fletcher v. Commonwealth, 239 Ky. 506, 39 S.W.2d 972 (1931), and 4 Wigmore, Evidence, Section 1079.

■ In this case, if it be assumed that a conspiracy to murder existed, the statements complained of were not made until several hours after the homicide had been committed. The conspiracy, if any, had already terminated and the statements were in the nature of admissions and not in the furtherance of the common purpose of the conspiracy.

The argument that after the central criminal objectives of a conspiracy have been accomplished there remains nonetheless a conspiracy to cover up the crime and avoid detection and arrest was emphatically rejected in Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949).

In view of this disposition of the case we need not pass upon the question of whether the out-of-court statements were also inadmissible under the rationale of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

It is also unnecessary to pass upon the question of whether the testimony of alleged accomplices was corroborated.

■ Upon a retrial of the case the question of the adequacy of time to prepare the defense is not likely to arise. We would

point out however that each appellant is entitled to separate counsel if his defense is antagonistic to the other appellants and creates a conflict of interest for counsel. Maynard v. Commonwealth, Ky., 507 S.W. 2d 143 (1974).

We find no merit in the other allegations of error.

The judgment is reversed for further proceedings consistent herewith.

All concur.