BUD ARMSTRONG v. STATE.

No. A-3439. Opinion Filed Aug. 28, 1920.

(Syllabus.)

**APPEAL AND ERROR—Review—Sufficiency of Evidence.** This court will not reverse a conviction upon the ground that the evidence is insufficient to sustain the same, unless there is no testimony in the record from which the jury could reasonably conclude that the defendant was guilty, there being no contention that the jury was influenced by improper motives in arriving at the verdict.

*Appeal from District Court, Beckham County; Thomas A. Edwards, Assigned Judge.*

Bud Armstrong was convicted of grand larceny, and appeals. Affirmed.

*A. M. Beets,* for plaintiff in error.

*S P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the district court of Beckham county, wherein the defendant, Bud Armstrong, was convicted of the crime of grand larceny, and his punishment assessed at imprisonment in the state reformatory at Granite for a period of two years.

But one question is presented for review in this appeal. Counsel for plaintiff in error has filed a lengthy brief, contending that the evidence is wholly insufficient to sustain conviction, and for such reason the trial court erred in refusing to direct the jury to return a verdict of not guilty at the conclusion of the state's evidence, and also

erred in overruling the motion for a new trial because of insufficient evidence.

The evidence is largely circumstantial. The defendant was convicted of stealing approximately 1,000 pounds of seed cotton, the property of R. M. and W. L. Harris, which was located on certain farms belonging to said Harris brothers, situated a few miles west of the town of Elk City in Beckham county. The cotton had been picked and was left in wagons in these fields preparatory to being hauled to the gins, and the evidence discloses, and it is admitted by counsel representing defendant, that the larceny of this seed cotton was sufficiently proved, but the contention made is that the evidence is not sufficient to connect this defendant with the commission of the crime.

The cotton was stolen on the night of the 16th of October, 1917, and the evidence on the part of the state's witnesses is to the effect that somebody, driving a wagon with wide tires with a groove in the center, came up to these respective fields and stole from 140 to 295 pounds of cotton out of four different wagons, carried the same to the public highway, loaded it upon a wagon with wheels having tires as above described, and the said wagon was tracked by different witnesses directly to the house of Bud Armstrong, and there was found, early the next morning after the larceny, a wagon with wheels identical with that which was tracked, loaded with approximately the same amount of seed cotton stolen the night before. The state's witnesses, on cross-examination, said that they could not be mistaken in tracking this wagon to the home of this defendant.

The defendant was found at his home, and made certain contradictory statements concerning how he came in-

to possession of said cotton, claiming to some of the officers that morning that he had got some of it from a fellow by the name of Red Hawkins, and had picked some of it out of a field that belonged to defendant. Defendant also stated that he had been to Red Hawkins' house the evening before playing cards.

Upon the trial, the defense interposed was an alibi, and the defendant and members of his family, and another witness who claimed to have been at the defendant's home the night of the larceny, testified that defendant was at home the entire evening of the larceny, and the defendant testified that he had gathered the cotton found in the wagon off a patch that belonged to him, and that he had not stolen the same from anybody.

The principal argument advanced in support of the contention that the evidence is insufficient to sustain the conviction is that the witnesses for the state were mistaken in tracking the wagon from the scene of the larceny to the defendant's home, and were confused by other similar tracks made by other wagons passing along the same highway having broad tires of a similar make, and there was some evidence to the effect that on the morning after the larceny wagons of this description had passed along said highway over the route alleged to have been traversed by the defendant after the commission of the crime.

The attack made upon the sufficiency of the evidence is directed against its weight. It was the sole province of the jury to judge of the weight of the evidence and of the credibility of the witnesses. The evidence on the part of the state and that adduced by the defendant and his witnesses are in direct conflict. The jury accepted as true the testimony of the state's witnesses, and having done so,

it is not within the province of this court to substitute its judgment for that of the jury on the credibility of the witnesses. A careful examination of the testimony of the state's witnesses convinces the court that the circumstantial evidence against the defendant was sufficient to authorize the jury to reasonably conclude that the defendant was guilty of the crime charged.

Taking such view of the evidence in this case, the court is impelled to conclude that the judgment should be affirmed, and it is so ordered.

DOYLE, P. J., and ARMSTRONG, J., concur.