## McManus v. Commonwealth

(Decided May 12, 1936.)

R. C. TARTAR and LAWRENCE S. HAIL for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for the Commonleath.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

James McManus was indicted by the grand jury of Pulaski county charging him with the crime of rape. The indictment charged that he committed the offense upon the body of Lucille Duncan, an infant under the age of twelve years. He was tried and convicted and sentenced to life in the penitentiary, and to reverse that judgment he prosecutes this appeal.

Various alleged errors are complained of in the motion and grounds for a new trial and in brief for appellant, among which is that the court erred in admitting incompetent evidence offered by the commonwealth.

The facts leading up to the time of the commission of the alleged offense are not in dispute. It appears that on Monday, January 21, 1935, Herbert Duncan, the father of the prosecuting witness, invited the appellant to attend a party at his (Duncan's) home. A number of young folks were present and they were entertained by music, and it also appears that intoxicating whiskies were imbibed in freely. The party continued until late in the night, and all those participating in the party, except appellant, left the

Duncan home, and upon invitation of Herbert Duncan appellant remained there overnight. On the next morning Herbert Duncan and his wife went to work and left appellant and their two children, the prosecuting witness who was eight years of age, and her younger brother, about six years of age, at the home and asked appellant to stay with the children and keep the fire going. Appellant was about 28 years of age and had been married, but it appears that he and his wife had separated.

According to the evidence of the prosecuting witness, after her parents had gone to work appellant asked her to come over to his bed and persuaded her to get into the bed with him and told her he would give her a book and certain toys and a small sum of money to allow him to do what he. wanted to. She further testified that he had sexual intercourse with her, and she resisted all she could, but to no avail, and within a short time he repeated the act.

While appellant and the prosecuting witness were in bed together, two neighbors came into the room. They said the door was not locked and they entered without knocking. The prosecuting witness was sitting up in bed with the cover partly over her and was reading a book. The little boy was in the same bed and lying over next to the wall, but they saw nothing indicating anything wrong. Later in the day Duncan and his wife came home, and appellant and the children were still there, and the prosecuting witness made no complaint to them that she had been mistreated, and they discovered nothing indicating that anything had happened to her. The prosecuting witness attended school the following two or three days, and played with the children as usual, and so far as the evidence discloses no one noticed any difference in her.

However, on Thursday following, Mrs. Duncan, the mother, noticed the prosecuting witness pulling at her clothes indicating that she was annoyed or that something was wrong with her. Upon examination she discovered something wrong with her private parts and took her to the doctor, and upon examination by the doctor it was discovered that she had gonorrhea. Upon interrogation and investigation in an effort to

determine how she could have contracted the disease, she then told of the alleged offense by appellant. The doctor made further physical examination of her private parts but found no lacerations, but said that the vagina was larger than usual for a girl of that age, but he was unable to say whether or not she had been penetrated.

Appellant admitted that he was in the Duncan home and that the prosecuting witness was in bed with him as testified by her and other witnesses, but denied that he had sexual intercourse with her or otherwise mistreated her. However, the evidence was sufficient to sustain the verdict of the jury, but for the incompetent evidence which we will now consider.

Appellant was arrested and put in jail, and while there a doctor, accompanied by two or three policemen, went to the jail and the doctor made an examination of appellant to ascertain whether he had gonorrhea. He took a test from him and sent it to Lexington to the laboratory, where it was determined that he was infected with such disease. The doctor and those present with him testified that appellant consented to the examination and made no protest whatever. But, on the other hand, appellant testified that he did object to the examination and same was made over his protest and against his will and consent. Counsel for appellant duly objected to such evidence and his objections were overruled, and to which he duly excepted.

It is insisted that the evidence obtained by the doctor in the examination of appellant was incompetent and illegal and obtained in violation of his constitutional rights, in that he was compelled to give evidence against himself, and that it was an unreasonable search of his person without due process of law. Section 10 Kentucky Constitution; Amendment 4, Constitution of the United States.

The argument is that the evidence obtained from the examination of defendant's person while he was confined in jail and in the presence of police officers was illegal and incompetent, regardless of whether he objected to same or consented thereto. We are not prepared to accept this argument in whole. There is no evidence tending to show that any force or duress was resorted to by the doctors or others present to

induce appellant to submit to such examination or that he was otherwise intimidated, and in the absence of such showing, if he willingly submitted to the examination and offered no protest or objection thereto, the evidence obtained thereby was competent, but otherwise it was incompetent. The mere fact that officers were present is insufficient to raise the presumption of duress. The law applicable to search of one's person or premises, or the obtention of confessions from an accused, is likewise applicable to the case under consideration, and the questions whether the examination of appellant's person was made with or without his consent should have been submitted to the jury under appropriate instructions. The court should have instructed the jury, in substance, that if they believe from the evidence the examination of appellant's person was made against his will and without his consent, such evidence obtained thereby was illegal and incompetent and not to consider it for any purpose; but, if made with his consent or without objections by him, it was competent for their consideration. Bennett v. Com., 226 Ky. 529, 11 S. W. (2d) 437, and cases therein cited. See, also, M. J. Wragg v. Griffin, Sheriff, 185 Iowa, 243, 170 N. W. 400, 2 A. L. R. 1327; State v. Height, 117 Iowa, 650, 91 N. W. 935, 59 L. R. A. 437, 94 Am. St. Rep. 323.

The failure of the court to instruct the jury as above indicated was error.

Other incompetent evidence complained of is that of Dr. Waddle, who was introduced for the purpose of contradicting the evidence of appellant. Appellant testified that he did not have gonorrhea at the time he was at the Duncan home or at any time. Dr. Waddle was called in rebuttal and was permitted to testify, over objections of appellant, that he had treated appellant's wife for gonorrhea three or four years ago. The court admonished the jury to consider Dr. Waddle's testimony only in so far as it may contradict the defendant in his statement that he never had a venereal disease, and for no other purpose, and that it neither proves nor disproves the defendant's guilt or innocence of the charge.

It is our opinion that the testimony of Dr. Waddle was too remote and uncertain to be competent for any purpose, notwithstanding the admonition of the court.

It may have been sufficient to raise a mere suspicion that appellant had the disease, but it is insufficient to raise a legal presumption that he had such disease. The admission of this evidence was also error.

Certain other minor complaints are argued in appellant's brief, one of which is that the court limited counsel to 30 minutes for argument. In view of the serious nature of the offense and the mass of evidence taken, we think counsel should have been allowed more time to present his argument. Mills v. Com., 240 Ky. 359, 42 S. W. (2d) 505, and cases therein cited.

We express no opinion on other questions raised, as they may not again happen on another trial.

For reasons indicated the judgment is reversed and remanded for proceedings consistent herewith.

The whole court sitting, except Clay, Chief Justice.