Gary Vern LORENZ, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13580.

Court of Criminal Appeals of Oklahoma.

Sept. 22, 1965.

Denzil D. Garrison, Bartlesville, for plaintiff in error.

Jack A. Swidensky, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Gary Vern Lorenz was charged by information in the County Court of Osage County, Oklahoma, with the crime of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. He was tried before a jury, found guilty, and his punishment fixed at 10 days in the county jail, and to pay a fine of $50.00. He timely lodged his appeal in this Court relying upon numerous assign-

ments of error. Those worthy of discussion are listed in the following order: (1) That the trial court erred in refusing to sustain the motion to suppress relative to the results of an alcohol blood test; (2) The trial court erred in refusing to instruct the jury, as requested by defendant in his requested instruction number one; and (3) The trial court erred in giving instruction number three which was duly excepted to in open court by defendant.

Before a discussion of the merits of defendant's contentions is entered into, it will be necessary to briefly discuss the facts.

Defendant was returning from a dance sponsored by the Junior Chamber of Commerce, failed to make a curve and turned his car over and was charged with Driving While Under the Influence of Alcohol. Defendant received injuries about the head, face, and body. An ambulance was called and he was admitted to the Washington County Memorial Hospital. He was treated by a doctor and an alcohol blood test was taken and delivered by the ambulance driver to the police, where it was later sent to the lab for analysis. Charges were filed against defendant, and defense counsel filed a motion to suppress the evidence as to the blood test asserting that defendant was unconscious at the time the blood was drawn from his body and was incapable of giving his consent. That taking the blood sample was done without his consent and any admission of testimony concerning same violated his constitutional rights under Article 2, Section 21 of the Constitution of the State of Oklahoma, and the Fifth Amendment of the Constitution of the United States as it pertains to rights against self-incrimination.

A hearing was had on the Motion to Suppress and testimony of the attending physician, Dr. Merle D. Fox, and the defendant, Lorenz, was offered in support of said motion. The state offered no testimony.

Dr. Fox testified, in substance, that he saw defendant at the hospital on the night of the accident; that he administered treatment to defendant for lacerations above the left eye and involving the eye lid, and contusions and abrasions about the left side of the head, and that the laceration required suturing. *That defendant was unconscious at the time and did not give his consent to treatment or anything else.* That a blood sample was drawn from his body during the period of unconsciousness, at the doctor's request. That he never at any time authorized the blood sample or the results to be released to any law enforcement officer, and neither did the defendant.

The defendant testified he remembered nothing after the wreck; that he remembered waking up in the hospital the next morning and remembered nothing that transpired the night before after the wreck. That when he awoke the next morning his head was "swelled up awful big and his eye was swelled closed for two weeks". That he did not remember the stitches being taken and knew nothing about a blood test being taken until Patrolman Bob Phillips told him several days later. That he was unconscious and remembered nothing while in the hospital the night before. This, in substance, concluded the defendant's testimony with reference to the motion to suppress. The state presented no testimony. The trial judge overruled defendant's motion, which he contended, is error.

This Court is of the opinion that the motion should have been sustained.

■ The Court of Criminal Appeals passed upon a very similar case within the year, Cox v. State, Okl.Cr., 395 P.2d 954. In that case, defendant had argued a motion to suppress upon the grounds that defendant was unconscious at the time the blood test was made, and thereby incapable of giving his consent to the taking of blood from his body. The defendant in that case did not support his motion with sufficient evidence as to unconsciousness. Commenting upon it, the Court said:

"The burden was upon the defendant to show on the Motion to Suppress, that

he was unable by virtue of his injury to give consent. The proof offered did not meet that requirement as to sustain the motion."

The testimony in the instant case was quite different in that it was sufficient to meet the burden of proof in establishing that defendant was unconscious at the time the sample of blood was taken. The uncontradicted testimony of the attending physician was that defendant was unconscious and incapable of giving consent. All of the testimony of the doctor and defendant was sufficient to meet the burden of proving that defendant, as a result of the injury, was unconscious and incapable of giving his consent. The state offered no proof to refute this fact.

 In the Cox case, supra, we held, in substance, that to admit testimony of the results of a blood test, taken without defendant's consent violated defendant's constitutional right. Article 2, Section 21, which says: "No person shall be compelled to give evidence which will tend to incriminate him." (See, Booker v. City of Cincinnati, 1 Ohio Supp. 152, 159 A.L.R. 216–217; People v. Corder, 244 Mich. 274, 221 N.W. 309; State v. Small, 233 Iowa 1280, 11 N.W.2d 377.) This provision of the Constitution may be waived by defendant's voluntary consent to the blood test, however, it can hardly be said that an unconscious person is capable of giving consent.

In the case of State v. Weltha, 228 Iowa 519, 292 N.W. 148, the Supreme Court of Iowa, in a similar situation, said:

"In manslaughter prosecution of motorist who was allegedly intoxicated at time of fatal accident, court erred in receiving over objection a blood sample of motorist and testimony of experts based thereon, where the blood was obtained from motorist in hospital while he was unconscious and without his assent, by one who acted as a volunteer, and without legal warrant."

In view of our holding in the Cox case, supra, and the rule adopted that blood tests and their results, in order to be admissible, must be voluntarily given; we are compelled to state that the Motion to Suppress should have been sustained. However, the trial judge overruled the motion.

 When both state and defense had rested, defense counsel requested an instruction as follows:

"You are instructed that if you find from the evidence that the defendant Gary Vern Lorenz was unconscious and was unable to, and did not in fact, give his consent to the taking of a blood-alcohol test from his body, then in that event you should not consider any evidence you have heard relative to such a blood-alcohol test and the purported results thereof."

The trial court refused to give this instruction or any other dealing with the necessity of consent from defendant relative to the blood test. This, we feel, was error.

The Court said in Cox v. State, supra:

"When a question has been settled as a preliminary matter on motion to suppress, a conflict in the testimony during course of trial as to whether said tests were voluntarily given with defendant's knowledge or consent, creates a question for the determination of the jury and it is not error for the Court to allow said evidence to go to the jury with proper instructions."

In the case of McManus v. Commonwealth, 264 Ky. 240, 94 S.W.2d 609, dealing with the finding of a doctor in examining defendant, had this to say:

"The law applicable to search of one's person or premises, or the obtention of confessions from an accused, is likewise applicable to the case under consideration, and the questions whether the examination of appellant's person was made with or without his consent should have been submitted to the jury under appropriate instructions. The court should have instructed the jury, in substance, that, if they believe from the evidence the examination of appel-

lant's person was made against his will and without his consent, such evidence obtained thereby was illegal and incompetent and not to consider it for any purpose; but, if made with his consent or without objections by him, it was competent for their consideration. Bennett v. Com., 226 Ky. 529, 11 S.W. (2d) 437, and cases therein cited. See, also, M. J. Wragg v. Griffin, Sheriff, 185 Iowa, 243, 170 N.W. 400, 2 A.L.R. 1327; State v. Height, 117 Iowa 650, 91 N.W. 935, 59 L.R.A. 437, 94 Am.St. Rep. 323.

"The failure of the court to instruct the jury as above indicated was error."

■ Defendant's last contention of error pertains to Instruction Number Three, to which he excepted in open court. The trial court gave the instruction in the following language:

"You are instructed that the Information filed in this cause is based upon *a violation of the statutes of the State of Oklahoma, which provides*: * *"

The part to which defendant excepts is italicized. He claims this language takes from the consideration of the jury whether or not the criminal statute was in fact, violated. No doubt, the language used has a tendency to leave such impression. It would be better if the instruction had read: " * * * the information filed in this cause is based upon an *allegated violation* of THE statute * * *". And we suggest in case of retrial this be done.

■ Although it was not raised by the defendant, we would call attention to Instruction Number Six, wherein the trial judge attempted to define 'reasonable doubt' to the jury. This Court has criticized this practice in case after case, and *this alone would constitute error*. However, the other questions raised by the defendant are sufficient to reverse this case.

For the reasons herein set forth, the judgment and sentence of the trial court is hereby reversed and remanded.

BUSSEY, P. J., and BRETT, J., concur.