James W. LUNA, Plaintiff in Error,

v.

The STATE of Oklahoma.

No. A–14900.

Court of Criminal Appeals of Oklahoma.

July 22, 1970.

Rehearing Denied March 24, 1971.

Paul McKinney and Shelton Skinner, Shawnee, for plaintiff in error.

G. T. Blankenship, Atty. Gen., John C. Howard, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

This is an appeal from a conviction for the offense of First Degree Manslaughter; plaintiff in error, James W. Luna, was found guilty by a jury, which assessed his punishment at seven years under the direction and control of the Department of Corrections, at the state penitentiary. Plaintiff in error will hereafter be referred to as defendant, as he appeared in the trial court.

The facts briefly stated reveal that on December 21, 1967, defendant was driving his 1951 GMC, one and one-half ton truck along East Polk Street in McAlester, Oklahoma, when he collided with a 1965 Volkswagen being driven by Mrs. Margie F. Weidner, thereby causing the death of Mrs. Weidner. The state alleged that defendant was driving under the influence of intoxicating liquor, when his truck struck the deceased's vehicle to the left of the center of the street, and completely demolished the small vehicle.[1]

Defendant received a preliminary examination and was bound over to stand trial. A motion to quash the information, and a motion to suppress the evidence of the results of the blood sample test were both filed; and after a hearing was had in the district court, both motions were denied. At the commencement of the trial, defendant renewed his objections to the introduction of any evidence and more specifically that concerning the results of the blood test, for the same reasons set forth and argued on behalf of his demurrer and motion to suppress. His objections were again overruled.

In his appeal defendant offers numerous assignments of error, but argues only one proposition in his brief which contends that it was error to admit the results of the alcoholic blood test, because the blood sample was taken without defendant's consent, and thereby violated his constitutional rights under Article 2, Section 21, of the Oklahoma State Constitution, which provides: "No person shall be compelled to give evidence which will tend to incriminate him." In support of this single proposition, defendant cites Lorenz v. State, Okl. Cr., 406 P.2d 278 (1965). However, the Lorenz case is readily distinguished from the instant one. In that case the evidence was quite clear that the defendant was unconscious when the blood sample was taken. Hence, it was impossible for Lorenz to have consented to taking of the blood. In the instant case, the evidence is clear that the defendant was not unconscious. Instead, it is argued that he was incapable of giving his consent and hence the rule of Lorenz v. State, supra, should apply. We do not agree.

The trial court properly denied defendant's motions at the conclusion of the hearing, before his trial commenced. Defendant offered his testimony, and that of his wife, that he did not give his consent to

1. The blood sample test revealed .31% by weight of ethyl alcohol, by the Dubowski Method.

the taking of the blood sample; while on the other hand, the state offered the transcript of the preliminary examination at which there was testimony offered to show that such consent was given. Consequently, the trial court was confronted with sufficient conflict of evidence to refuse defendant's motions. This court stated in Pickens v. State, Okl.Cr., 372 P.2d 618 (1962):

"The question of suppressing evidence being a judicial one, this court will not reverse the trial court upon a question of fact where there is a conflict of evidence, and there is competent evidence reasonably tending to support the findings of the trial court."

In the instant case, there was such a conflict of evidence and that evidence did reasonably tend to support the findings of the court, we therefore conclude that the trial court properly denied defendant's motion to quash and his motion to suppress.

We observe from the record also, that the testimony as presented to the jury was conflicting. It was conflicting concerning not only the question of the voluntary consent of defendant, but also as to other questions presented.[2] Those conflicts were resolved against the defendant by the jury; and as we review the record before this court, we can see no reason to disturb the findings of the trial jury. Notwithstanding defendant's denial of remembering anything after the collision occurred, and especially his failure to remember being in the hospital and having consented to the taking of the blood sample, there is more than ample evidence to support the jury's verdict finding defendant guilty of the offense of first degree manslaughter.[3]

We must therefore conclude that the trial court did not commit error in denying defendant's motion to suppress the evidence concerning the blood sample during his trial. Consequently, we deny defendant's proposition as argued in his brief. Likewise, we are of the opinion that the jury would have been justified in reaching the same verdict even in the absence of the blood sample evidence. The record reflects ample evidence to show defendant's condition of intoxication, as well as showing that he voluntarily consented to the taking of the blood sample. There was no denial that it was defendant's truck that struck the deceased's automobile, which resulted in her death, so no other conclusion could have been reached. This Court has long held that the verdict of the trial jury will not be disturbed when there is merely a conflict of evidence.

We have also considered all of the trial court's instructions and find that they properly instructed the jury. Likewise, we are of the opinion that none of defendant's constitutional rights were violated, as contended by defendant in his brief.

After reviewing the record before the Court, and the briefs submitted, we are of the opinion that the judgment and sentence rendered by the District Court of Pittsburg County, in that court's case number 6152, on the 19th day of February, 1968, should be, and the same is therefore, affirmed.

Judgment and sentence affirmed.

BUSSEY, J., concurs.

NIX, J., not participating.

2. Defendant's wife said he had not been drinking; and his other witnesses testified that he had only one mixed drink after two P. M. The state's witnesses testified that they smelled alcoholic odor on his breath, that he acted like he was drunk, and alcoholic test revealed a high percentage of ethyl alcohol in his blood sample.

3. Several of the state's witnesses testified that when the hospital technician asked defendant if he could take a blood sample, the defendant held out his arm and said, "Take all you want." Defendant claimed he could not remember, and his wife denied that defendant gave his consent.