Robert Wayne WILSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

Nos. F–77–434, F–77–435 and F–77–436.

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1978.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Appellant, Robert Wayne Wilson, hereinafter referred to as defendant, was charged in the District Court, Tulsa County, Cases Nos. CRF–76–943, CRF–76–944 and CRF–76–1320, with the offenses of Unlawful Possession of Marihuana With Intent to Distribute; Unlawful Possession of Controlled Drug, and Unlawful Possession of Controlled Drug With Intent to Distribute, respectively, in violation of 63 O.S.1971, § 2–401, ¶ B 2; 63 O.S.1971, § 2–401, ¶ B 1, and 63 O.S.1971, § 2–401, ¶ B, respectively. Preserving his motion to suppress evidence, the defendant stipulated to the evidence introduced at preliminary hearing and submitted the case to the trial judge. He was found guilty and sentenced to imprisonment for a term of two (2) years for each offense, to run concurrently, of which all but ninety (90) days was suspended. From the foregoing judgments and sentences, the defendant has perfected a timely appeal to this Court.

In his sole assignment of error, the defendant asserts that the trial court erred in overruling his motion to suppress evidence. The defendant contends that said evidence was obtained pursuant to an illegal search and seizure, and that the search warrant was ambiguous in its description of the location of the defendant's apartment. The search warrant described the place to be searched as follows:

"An apartment located in the Madison Square Apartments at 1136 East 61st Street. The apartment to be searched is apartment # 7 being located on the extreme West side of the apartment complex. The apartment is described as a two-story redish-(sic) black brick frame having a charcoal colored asbestos roof and green wood trim. The front door of said apartment faces South and is yellow in color and is located on the ground floor. The number 7 appears directly South of the front door. This address is more commonly known as 1136 East 61st Street, City of Tulsa, Tulsa County, State of Oklahoma."

Subsequent to the search, it was discovered that the correct street address for the apartment searched was 1132 East 61st Street. One of the officers who executed the search warrant testified that he saw no number on the building in which the apartment was located, but that a sign on the street near the complex directed inquiries about the leasing of Madison Square Apartments to 1136 East 61st Street. Pursuant to the warrant, he went to defendant's apartment where he found LSD, Secobarbital, marihuana, and a telephone bill addressed to the defendant at 1132 East 61st Street. The address included in the above search warrant, though technically erroneous, was accompanied by a complete description of the apartment in question and its location, which could have been sufficient in itself. In *Kutz v. State*, 83 Okl.Cr. 324, 177 P.2d 139 (1947), this Court ruled, in effect, that if an erroneous street address is accompanied by "descriptive averments" in the warrant by which it is sufficient to locate the place to be searched without seeking aid from any other source, the search warrant is not necessarily invalid.

■ There was no evidence that there was an apartment No. 7, located at 1136 East 61st Street, which fit the description provided in the warrant, creating an ambiguity. Apartment complexes often encompass several street addresses, although the individual apartments are commonly described according to their locations within the entire complex. It is apparent to this Court that notwithstanding the erroneous address, the description was sufficient to guide the person executing the warrant to the intended destination. Further, in *Ruhm v. State*, Okl.Cr., 496 P.2d 809, 812 (1972), we stated that:

"The law is settled in Oklahoma that where a defendant files a motion to suppress, the burden is upon him to offer any evidence in support of the allegations contained in the motion, and further, that the question of suppressing evidence is a judicial one based on the facts and circumstances in each case, and this Court will not reverse the trial court on a question of fact where there is competent evidence reasonably tending to support the finding of the court. . . ." (Citation omitted)

Therefore, failing a showing by the defendant of any real ambiguity, we find that the description in the warrant was sufficient.

For the above and foregoing reason the judgments and sentences of the trial court is hereby *AFFIRMED.* However, we note from a review of the record that the judgments and sentences in these cases erroneously indicate that the defendant pled guilty to the respective charges, whereas these cases were actually submitted to the trial judge for decision with stipulations to the facts adduced at preliminary hearing. Therefore, we direct the trial court to enter a nunc pro tunc order changing the form of the judgments and sentences to indicate that the same were had pursuant to convictions rather than pleas of guilty.

BUSSEY, P. J., and CORNISH, J., concur.