**Wendell Lee WATTS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–333.**

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1979.

Bruce H. Harlton, Jr., Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Andrew Wilcoxin, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Wendell Lee Watts, hereinafter referred to as defendant, was convicted on May 3, 1977, of Manslaughter in the First Degree, in violation of 21 O.S.1971, § 711, in the District Court of Tulsa County, at a nonjury trial with Judge Margaret Lamm, presiding. On June 9, 1977, the defendant was sentenced to serve two five (5) year terms of imprisonment, to run concurrently.

Denial before trial of three separate motions to suppress evidence of a blood test administered to the defendant is the subject of his first three assignments of error, each of which raises essentially questions of fact.

On May 15, 1976, the defendant was driving a 1969 Lincoln Continental automobile north on North Lewis Avenue in Tulsa, when he collided head-on with a Chevrolet automobile approaching from the opposite direction. Two occupants in the front seat of the Chevrolet died as a result of the crash. The defendant was taken to Hillcrest Medical Center by ambulance, where a blood test was administered to him.

In his first assignment of error, defendant alleges that since his arrest occurred at the scene of the accident the blood test subsequently administered at the hospital was not within two hours of arrest as required by 47 O.S.Supp.1978, § 756, ¶ (e). Second, the defendant alleges that after refusing to sign a blood test consent form, his signature was forged to the document presented in evidence at trial.

This Court has consistently ruled that where competent evidence is presented at trial from which the trier of fact can reasonably make conclusions of fact we will not interfere with those findings. *Jones v. State*, Okl.Cr., 468 P.2d 805 (1970); *Kelly v. State*, Okl.Cr., 415 P.2d 187 (1966). We will not intercede even when the evidence is conflicting or circumstantial. *Campbell v. State*, Okl.Cr., 546 P.2d 276 (1976).

A review of the trial transcript reveals an abundance of competent evidence from which the trier of fact could reasonably conclude both that the defendant was not arrested until arriving at the hospital and that he voluntarily consented to the test by signing the form. Four witnesses testified they each saw the defendant sign a consent form. Both the investigating officer and his auxiliary police officer testified that no arrest occurred until after the defendant was transported by ambulance to Hillcrest Medical Center. Evidence presented by the defendant, including a handwriting expert and testimony by defendant's wife that she had been informed at the scene of the accident the defendant was under arrest, at most, raised a question of fact properly resolved by the judge as the trier of fact at trial. See *Jones v. State*, supra.

■ *Westerman v. State*, Okl.Cr., 525 P.2d 1359 (1974), cited by the defendant, does place a burden on the State to prove all rules and regulations pertaining to operation and maintenance of chemical analysis testing equipment for both blood and breath testing to assure that they have properly complied with 47 O.S.Supp.1978, § 759. But that issue is not raised by these facts. Only the two hour limitation and consent are contested by the defendant, not that the blood test kit used to draw defendant's blood was improperly operated or maintained. Nonetheless, there was sufficient other testimony to show that the defendant was intoxicated without the results of the blood test. Consequently, the trial judge did not commit error by admitting the blood test results.

■ The defendant's third assignment of error, which also raises essentially a question of fact, is grounded in a false reading of Oklahoma's implied Consent Law, 47 O.S. Supp.1978, § 751 et seq. We have required that when a blood alcohol test is taken from an unconscious driver, then an opportunity to revoke consent must be provided when the driver regains consciousness. *State v. Wood*, Okl.Cr., 576 P.2d 1181 (1978). However, the burden of showing inability to give consent by virtue of an injury result-

ing from an automobile accident is on the defendant. *Cox v. State*, Okl.Cr., 395 P.2d 954 (1964). Furthermore, when proof offered to support a motion to suppress based on inability to give consent is insufficient and the motion is properly overruled, we held in Cox that if a question of fact arises at trial as to defendant's ability to consent, such a question is properly resolved by the trier of fact based upon all the evidence.

In *Lorenz v. State*, Okl.Cr., 406 P.2d 278 (1965), the uncontradicted testimony of the attending physician that defendant was unconscious and incapable of giving consent met defendant's burden of proof; however, in *Luna v. State*, Okl.Cr., 481 P.2d 814 (1971), we distinguished *Lorenz* by holding that where a defendant argues he was incapable of giving his consent, *but not unconscious*, a conflict of testimony concerning defendant's ability to give consent is sufficient to refuse a motion to suppress the evidence. We also held in *Luna* that neither denial of a pretrial motion concerning consent to a blood test nor a subsequent jury verdict based in part on that evidence will be reversed when the evidence merely conflicts.

In the case at bar, although evidence at trial showed the defendant was in great pain at the hospital with his speech impaired by a lacerated tongue, four witnesses testified they personally saw him consent in writing to the test. No expert medical evidence was introduced to show his injuries prevented his giving consent, as was done in *Lorenz*. At most, testimony of the defendant's wife and the attending physician raised questions of fact properly resolved by the trial court. See *Luna v. State*, supra.

■ The defendant's fourth assignment of error, that the verdict was not sustained by sufficient evidence, is likewise without merit. Where the record reveals competent evidence from which the trier of fact could reasonably conclude guilt as charged, we will not interfere with the verdict, since it is the exclusive province of the trier of fact to weigh evidence and determine facts. *Walker v. State*, Okl.Cr., 541 P.2d 267

(1975); *Williams v. State*, Okl.Cr., 473 P.2d 248 (1970).

In *Armstrong v. State*, 17 Okl.Cr. 615, 190 P. 898 (1920), cited by the defendant, we stated that only if there is no testimony on the record from which the jury could reasonably conclude guilt will we reverse. And in the case at bar, direct testimony provides ample evidence for the trier of fact to reasonably conclude guilt.

In *Richards v. State*, 52 Okl.Cr. 436, 6 P.2d 449 (1931), also cited by the defendant, circumstantial evidence showing only a possibility of guilt was held insufficient to warrant a conviction. In that case, motion for a new trial based upon discovery of new evidence had been denied. In the case now before us, evidence though disputed shows more than a possibility of guilt, and no new evidence has been discovered since trial.

Since no errors or irregularities occurred at trial, the defendant has not been deprived of a fair trial or due process of law guaranteed by the Oklahoma and United States Constitutions, as defendant contends in his final assignment of error. *Brinlee v. State*, Okl.Cr., 543 P.2d 744 (1975); *Haney v. State*, Okl.Cr., 503 P.2d 909 (1972).

No combination of errors occurred which could bring the case within the purview of *Lovell v. State*, Okl.Cr., 455 P.2d 735 (1969), wherein we held that accumulation of irregularities which separately tended to prejudice defendant prevented a fair trial and was grounds for reversal.

The judgments and sentences are *AFFIRMED*.

CORNISH, P. J., and BUSSEY, J., concur.