**William David MARR, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–763.**

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1987.

Terry J. Hull, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, William David Marr, was charged, tried and convicted in the District Court of Johnston County, Case No. CRF–83–76, of two counts of Murder, Second

Degree, pursuant to 21 O.S. 1981, § 701.8, and sentenced to consecutive ten year sentences, pursuant to 21 O.S. 1981, § 701.-9(b).

This case arises out of a three-car collision on November 18, 1983, in Johnston County near Mannsville. As a result of the collision two passengers in a vehicle driven by Charles Prough, Terry Deneen Bully and Charles David Atterberry, were killed. Prough, the driver and passenger in another vehicle, as well as the appellant and his two passengers were injured. Appellant suffered a broken nose, fractured ribs, and a broken foot. In attending to the injured, the first Highway Patrolman on the scene, Trooper Paul Roan, detected the smell of alcohol on appellant's breath. The presence of alcohol on appellant's breath was confirmed by Sally Walker, a nurse who happened to be at the site of the accident and was also attending the injured. After seeing that all of the injured were transported to hospitals, Roan next saw the appellant at the Johnston Memorial Hospital where he again detected the smell of alcohol on appellant's breath. Roan placed appellant under arrest, and read appellant his rights under the implied consent test request. Appellant said that he understood these rights and verbally waived his right to refuse the test. Roan then directed a registered nurse, Vicki McGlocklin, to take a blood sample from appellant. After this was done, the blood sample was sent to the Oklahoma State Bureau of Investigation laboratory in McAlester. There, the sample was found to contain 0.18 percent weight per volume of alcohol.

Appellant's first assignment of error claims error in the trial court's failure to sustain a motion to suppress evidence of a blood alcohol test. Appellant claims that the removal of the blood sample used for the test violates his Fourth and Fifth Amendment rights protecting him from illegal searches and seizures and from compelled self-incrimination.

The controlling case here is *Schmerber v. State of California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). There the court found that a blood alcohol test, like the taking of fingerprints or participation in a police lineup, does not consti-

tute testamentary evidence but is physical evidence and is therefore not protected by the Fifth Amendment. The Court also found that while the body of a suspect is protected against unreasonable searches by the Fourth Amendment, the taking of a blood sample can be compelled if there is a reasonable suspicion that a suspect is intoxicated and the sample is taken in a reasonable and safe manner. As stated by the Court in *South Dakota v. Neville*, 459 U.S. 553, 559, 103 S.Ct. 916, 920, 74 L.Ed.2d 748, 756 (1983), "*Schmerber*, then, clearly allows a State to force a person suspected of driving while intoxicated to submit to a blood-alcohol test." This Court has recognized that only Fourth Amendment concerns are involved in the use of a blood alcohol test. *Sartin v. State*, 617 P.2d 219 (Okl.Cr.1980); *Billy v. State*, 602 P.2d 237 (Okl.Cr.1979). As the removal of a blood sample was conducted under reasonable suspicion of intoxication and in a reasonable manner by a registered nurse in a hospital, we find that there are no constitutional issues involved in this case.

Nonetheless, the defendant in such a case has a right under 47 O.S.Supp.1982, § 751 to suppress a blood test if he is able to prove that he was not adequately informed of his right to refuse to submit to the test, or if he were unable to refuse at the time the sample was taken and was not later afforded the opportunity to revoke his statutorily implied consent to the test. *Watts v. State*, 602 P.2d 229 (Okl.Cr.1979); *Cox v. State*, 395 P.2d 954 (Okl.Cr.1964). Here, both the State and appellant presented evidence at trial as to whether he had consented to a blood alcohol test or not. The appellant failed to present expert medical testimony that he was unable to consent at the time the sample was taken which might possibly merit reversal. *Lorenz v. State*, 406 P.2d 278 (Okl.Cr.1965). Therefore, where there is a conflict in testimony, the issue becomes a matter of fact to be decided by the trier of fact. *Watts v. State, supra; Luna v. State*, 481 P.2d 814 (Okl.Cr.1970). The trier of fact found that he had consented to the blood alcohol test. We decline to disturb that ruling.

Appellant's second assignment of error claims error in the trial court's admission

of opinion testimony by a Highway Patrolman which touched upon an ultimate issue to be decided by the trier of fact. Specifically, appellant objects to the testimony by the trooper as to the speed and paths of the vehicles involved and the ability of the appellant to operate a vehicle safely while under the influence of intoxicants.

Normally, the admission of evidence is within the discretion of the trial court and will not be disturbed on appeal except where that discretion has clearly been abused. *Roubideaux v. State*, 707 P.2d 35 (Okl.Cr.1985).

■ Since the passage of the Evidence Code, the rule in this State on the admission of expert opinion testimony which touches upon an ultimate issue has been that it is admissible when it is based on specialized knowledge unavailable to the layman and will assist the trier of fact in making a decision. *Gabus v. Harvey*, 678 P.2d 253 (Okl.1984); 12 O.S. 1981, § 2702; 12 O.S. 1981, § 2704.

■ In demonstrating the possession of specialized knowledge by the witness, it is necessary to qualify him as an expert in the field for which his opinion testimony is sought. In *Croy v. Bacon Transport Co.*, 604 P.2d 136 (Okl.1979), the trial court's refusal to allow the testimony of a Highway Patrolman in a civil suit was upheld where the trooper admitted that he was not qualified as an expert in the field for which his testimony was sought. Conversely, where the investigating officer's credentials as an expert have been demonstrated, his opinion testimony has been allowed. *Smith v. State*, 656 P.2d 277 (Okl.Cr.1982); *Parris v. Harris*, 351 F.2d 52 (10th Cir. 1965).

■ In this case, the State established the trooper's qualifications as an expert, both as to crash investigations and the effects of intoxication, by reference to his extensive experience and training as a Highway Patrolman and, prior to that, as a deputy county sheriff and campus policeman. The State also established the bases for the trooper's opinions.

Once a witness' qualifications as an expert have been established, it is then necessary to show that his opinion testimony concerns matters not readily cognizable to the rational layman. In the instant case, the fact situation involving a three-car high-speed collision and the effects of alcohol on driving ability is beyond the average level of knowledge and experience of most laymen. Consequently, the opinion testimony elicited by the State was of substantial assistance to the trier of fact.

Because the trooper's opinion testimony falls within the boundaries of 12 O.S.1981, § 2702 and 12 O.S. 1981, § 2704, we find no error in the admission of this testimony.

■ Appellant's third assignment of error is that the sentence is excessive. Specifically, appellant seeks modification of sentence because of allegedly improper remarks made by the prosecutor during his closing statement. Appellant has waived all challenges other than a review for fundamental error because of his failure to object to the allegedly improper remarks during the course of the trial. *Luker v. State*, 552 P.2d 715 (Okl.Cr.1976).

The standard for determining if a sentence is excessive is whether, in looking at the entire record of the case, the sentence is such that it shocks the conscience of this Court. *Lovelace v. State*, 715 P.2d 481 (Okl.Cr.1986). Furthermore, this Court will give a wide latitude of argumentation in closing arguments and will not modify the sentence unless the appellant's rights have been affected. *Kennedy v. State*, 640 P.2d 971 (Okl.Cr.1982).

Here, despite the allegedly improper statements, appellant was sentenced to the minimum sentence on each count for Murder, Second Degree. 21 O.S. 1981, § 701.-9(b). We do not therefore find that the sentence is excessive for the crimes for which appellant was convicted.

Accordingly, the judgments and sentences of the District Court are AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., not participating.