Raul HILL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–87–346.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1988.

Gary Hill, El Paso, Tex., Charles C. Yon, Oklahoma City, Charles Louis Roberts, El Paso, Tex., for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Raul Hill, appellant, was tried by jury and convicted of Possession of a Controlled

Dangerous Substance With Intent to Distribute (63 O.S. 1981, § 2–401), in Case No. CRF–86–6362, in the District Court of Oklahoma County, the Honorable William H. Henderson, District Judge, presiding. The jury assessed punishment at fifteen (15) years imprisonment and a twenty thousand ($20,000) dollar fine. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

Appellant boarded a Delta Airline flight at El Paso, Texas, bound for Oklahoma City on November 25, 1986. He changed planes at the Dallas–Ft. Worth Regional Airport. As a baggage handler transferred appellant's luggage from one plane to another, he dropped one of appellant's two suitcases, which broke open and revealed sixty (60) packages wrapped in heat-sealed plastic. Some of the plastic tubes had ripped open and the employee removed a small sample of what appeared to be marijuana. The baggage handler notified his supervisor of the incident, who in turn notified an airport security officer temporarily assigned to the Drug Enforcement Agency. Appellant's two bags were loaded on the plane destined for Oklahoma City, and the airline employee gave the security agent the small sample of green leafy substance removed from one of the ripped packages. The officer field tested the substance, determined it was marijuana, and called the Special Projects Unit in Oklahoma City.

An Oklahoma City narcotics officer met appellant's plane when it arrived. Two Delta employees brought appellant's suitcases to him. The officer looked inside the broken suitcase, which could not be closed because the lock was broken in the fall, but did not open any of the containers within the bag. Based upon the information received from Dallas, and relying on his training and experience that marijuana is frequently packaged in heat-sealed packages to escape detection by drug sniffing dogs, the officer determined he had probable cause to believe a felony had been committed.

The unopened suitcase was placed on a conveyor belt and sent to the baggage claim area, where appellant retrieved it.

The officer arrested appellant. In a search incident to arrest, the police seized appellant's baggage claim receipts, which matched the tags on the suitcases, and his driver's license, which matched the name on the tags. Appellant admitted the bags were his after being given *Miranda* warnings. The police also seized a key which they later determined would unlock the suitcases.

The officer transported appellant and his bags to the city jail and obtained a search warrant. Pursuant to the warrant, the officers opened the unlocked bag. The two suitcases contained 120 packages, each of which contained approximately one-half pound of compressed marijuana, for a total of sixty (60) pounds of high grade marijuana. At trial, an expert testified the wholesale value of the marijuana ranged from $54,000 to $60,000, with a street value of $96,000. Appellant's motion to suppress the evidence on the ground that the Oklahoma search warrant resulted from an illegal search and seizure in Dallas was overruled, and the State introduced the sixty pounds of marijuana into evidence at trial.

■■■ For his first two assignments of error, appellant asserts reversible error occurred because two expert witnesses testified at trial concerning an ultimate issue of fact. Appellant supports his propositions of error with citation to an Oklahoma civil case involving a negligence action which was decided before the adoption of the Oklahoma Evidence Code in 1978. *See* 12 O.S. 1981, §§ 2101–3103. Appellant has, therefore, failed to support his propositions by citation to relevant authority and these issues are not properly before the Court. *Wolfenbarger v. State*, 710 P.2d 114, 116 (Okla.Crim.App.1985), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2915, 91 L.Ed.2d 544 (1986). *Gille v. State*, 743 P.2d 654, 656 (Okla.Crim.App.1987). Moreover, Section 2704 of the Oklahoma Evidence Code provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it *embraces an ultimate issue* to be decided by the trier of fact." (emphasis added) *See also Marr v. State*, 741 P.2d 884, 886 (Okla.Crim.App.

1987). Finding no fundamental error, we conclude the trial court did not err in admitting the opinion testimony on an ultimate issue of fact.

For his third assignment of error, appellant asserts the trial court erred by failing to suppress the sixty pounds of marijuana because the first search at the Dallas–Ft. Worth airport was an unreasonable search and seizure and the resulting affidavit in support of the search warrant at Oklahoma City was the fruit of an illegal search. Appellant relies on *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963). We disagree and find *United States v. Jacobsen*, 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), dispositive.

The first search occurred when the airline employee dropped appellant's suitcase and discovered the heat-sealed packages containing what appeared to be marijuana. The Fourth Amendment protects against unreasonable governmental action; "it is wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official.'" *Jacobsen* at 113, 104 S.Ct. at 1656. "Whether those invasions [by the Delta Airline employee] were accidental or deliberate, and whether they were reasonable or unreasonable, they did not violate the Fourth Amendment because of their private character." *Id.* at 115, 104 S.Ct. at 1657, (footnote omitted). Here, there is not one shred of evidence that the airline employee acted as an agent of the government when he accidentally broke open appellant's suitcase and discovered the marijuana. The evidence is clear that the airport security officer temporarily assigned to the Drug Enforcement Agency had no knowledge of the accident until after he was called by the airline supervisor and was given the sample of marijuana.

As to the security officer's conduct, he did not exceed the scope of the "antecedent private search," *id.* at 116, 104 S.Ct. at 1658, and "[a] chemical test that merely discloses whether or not a particular substance is [marijuana] does not compromise any legitimate interest in privacy." *Id.* at 123, 104 S.Ct. at 1661.

"The purpose of the exclusionary rule is to deter police misconduct and to provide an effective remedy for unreasonable searches and seizures in violation of the fourth amendment of the United States Constitution and Article II, § 30, of the Oklahoma Constitution." *Miles v. State*, 742 P.2d 1150, 1152 (Okla.Crim.App.1987). Inasmuch as the original search at Dallas was of a private character, and the Oklahoma City police did not open the unlocked suitcase or any of the 120 packages of marijuana until after obtaining a search warrant from a neutral and detached magistrate, we find no police misconduct to deter and no unreasonable search and seizure to remedy. The purpose of the exclusionary rule would not be furthered by extending it to the facts of this case. We conclude the trial court did not err in refusing to suppress the evidence. This assignment is meritless.

For his final assignment of error, appellant asserts the trial court erred by failing to give his requested jury instruction on the lesser included offense of simple possession. "While it is true that in order to distribute marijuana one must first possess it, it does not necessarily follow that in every distribution case a possession instruction ... must be given. Rather, there must be evidence which reasonably tends to suggest that the possession was 'simple,' and not with the intent to distribute." *Wilson v. State*, 568 P.2d 1323, 1325 (Okla.Crim.App.1977). Here, appellant possessed sixty pounds of marijuana, an amount far in excess of that needed for personal consumption. We find the court did not err in refusing to give appellant's requested instruction on simple possession. This assignment is meritless.

In light of the above, appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in result.