2007 OK CR 13

**Harlan EVANS, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2005–673.**

Court of Criminal Appeals of Oklahoma.

April 12, 2007.

Michael Gassaway, John Jensen, Attorneys at Law, Oklahoma City, OK, attorneys for defendant at trial.

Clayton Niemeyer, Assistant District Attorney, Chandler, OK, and Scott Rowland, General Counsel, Oklahoma State Bureau of Narcotics and Dangerous Drugs, Oklahoma City, OK, attorneys for the State at trial.

Michael Gassaway, Attorney at Law, Oklahoma City, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Donald D. Self, Assistant Attorney General, Oklahoma City, OK, attorneys for the state on appeal.

### SUMMARY OPINION

PER CURIAM.

¶ 1 Appellant, Harlan Evans, was convicted by a jury in Lincoln County District Court, Case No. CF–2004–189, of Count 1, Conspiracy to Traffic in Methamphetamine (63 O.S.Supp.2002, §§ 2–408, 2–415); Count 2, Unlawful Use of a Communication Facility (13 O.S.Supp.2003, § 176.3); Count 3, Conspiracy to Traffic in Marijuana (63 O.S.Supp. 2002, §§ 2–408, 2–415); Count 4, Trafficking in Methamphetamine (63 O.S.Supp.2002, § 2–415); Count 5, Distribution of Marijuana (63 O.S.Supp.2004, § 2–401(B)(2)); and Count 6, Trafficking in Methamphetamine (63 O.S.Supp.2002, § 2–415). The jury recommended punishment as follows: Count 1, fifty years imprisonment and a $200,000 fine; Count 2, five years imprisonment and a $5000 fine; Count 3, fifty years imprisonment and a $200,000 fine; Count 4, ninety years imprisonment and a $200,000 fine; Count 5, ninety years imprisonment and a $20,000 fine; and Count 6, life imprisonment and a $200,000 fine. On July 13, 2005, the Honorable Paul M. Vassar, District Judge, sentenced Appellant accordingly.[1] This appeal followed.

¶ 2 Appellant raises the following propositions of error:

1. Appellant's motion to suppress should have been sustained regarding the particularity of the search warrant.

2. The wiretap application was defective and Appellant's motion to suppress should have been sustained.

3. Normal investigative techniques were not exhausted prior to issuing the wiretap order, making it invalid.

4. Material variances regarding the date of the crime alleged in Count 2, and the nature of the crimes alleged in Counts 1 and 3, prejudiced Appellant.

5. Appellant's convictions for two separate drug conspiracies constitutes double punishment.

6. Error occurred when the State failed to preserve physical evidence.

7. Convictions on Counts 4 and 5 constitute double punishment.

8. The trial court erred in allowing the State's case agent to give an overall conclusion of criminal conduct based on his interpretation of "code words."

¶ 3 After thorough consideration of the propositions, and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we affirm. As to Proposition 1, the detailed directions given in the search warrant were sufficient to enable police to find Appellant's home without difficulty; the inaccuracy in the physical address that Appellant complains of did not render the warrant constitutionally invalid, and the trial court's denial of Appellant's motion to suppress was proper. *Wilson v. State,* 1978 OK CR 16, ¶¶ 2–3, 574 P.2d 1075, 1076; *United States v. Dorrough,*

---

1. The trial court sentenced Appellant in accordance with the jury's recommendations, except that as to Count 3, the fine was reduced from $200,000 to $100,000.

927 F.2d 498, 500–01 (10th Cir.1991). Proposition 1 is denied.

¶4 In Propositions 2 and 3, Appellant claims that the court order authorizing interception of his telephone conversations was invalid, because (1) there is no evidence that the district attorney submitted a written application for such order; (2) the written application for the order, submitted by the Attorney General, included an incorrect description of Appellant's physical address; and (3) the State failed to establish that all other reasonable modes of investigation had been exhausted before seeking the order. We find no statutory requirement that a wiretap order be initiated by a written request from the district attorney; rather, such an order is predicated on an application submitted by the Attorney General, initiated by a law enforcement officer and authorized by the district attorney. 13 O.S.Supp.2004, §§ 176.7, 176.9(A)(1). As for the misdescription of Appellant's physical address (also at issue in Proposition 1), we find this to be immaterial because the order was directed not at a physical place, but at a mobile communications device whose assigned telephone number, serial number, and registered owner were all correctly identified. 13 O.S.Supp.2004, § 176.9(A). Finally, the wiretap application did, in fact, relate with particularity why other methods of investigation had proven, and would continue to prove, unsuccessful or inadequate. The State was not required to exhaust every other conceivable investigative tool before seeking a wiretap order. 13 O.S.Supp.2004, § 176.9(A)(3). Propositions 2 and 3 are therefore denied.

¶5 As to Proposition 4, Appellant has failed to demonstrate how the trial court's approval of amendments to the Information at trial (one to correct a typographical error, the other to supply a more precise date for the offense) prejudiced him in any way. We find no error here. 22 O.S.2001, § 304; *Strunk v. State,* 1969 OK CR 30, ¶¶4–5, 450 P.2d 216, 219. As to Proposition 5, the two conspiracies alleged by the State involved different plans and different participants; hence, it was not improper to charge them as discrete crimes. *Kinchion v. State,* 2003 OK CR 28, ¶11, 81 P.3d 681, 684–85.

As to Proposition 6, Appellant fails to allege, much less demonstrate, any bad faith in the loss of a recording of a conversation between Appellant and a police witness. The witness was subject to cross-examination about the conversation. We find no due process violation here. *Ochoa v. State,* 1998 OK CR 41, ¶26, 963 P.2d 583, 595; *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988); *Sheker v. State,* 1982 OK CR 52, ¶¶10–11, 644 P.2d 560, 563. As to Proposition 7, Appellant's convictions for trafficking in methamphetamine, and distributing marijuana, based on activities with the same informant on the same day did not constitute double punishment; each offense required proof of a fact that the other did not, and given the differences between the two statutes involved, we discern no legislative intention to treat the offenses as parts of a single criminal act for purposes of punishment. 21 O.S.2001, § 11; *Bogue v. State,* 1976 OK CR 274, ¶¶6–7, 556 P.2d 272, 274–75. As to Proposition 8, the trial court did not abuse its discretion in permitting a police witness to testify about certain "code" meanings of words and phrases used by Appellant and his associates in telephone conversations. These interpretations were based on the officer's personal experience and training in drug interdiction, they were helpful to the jury, they did not improperly tell the jury who or what to believe, and the witness was subject to cross-examination about his interpretations. 12 O.S.2001, § 2702; *Marr v. State,* 1987 OK CR 173, ¶8, 741 P.2d 884, 886; *see also United States v. Quintana,* 70 F.3d 1167, 1171 (10th Cir.1995). Proposition 8 is denied.

## DECISION

¶6 The Judgment and Sentence of the district court is **AFFIRMED**. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2005), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LUMPKIN, P.J., and CHAPEL and A. JOHNSON, JJ., concur.

C. JOHNSON, V.P.J., recused.

LEWIS, J., concurs in results.