FILED
United States Court of Appeals
Tenth Circuit

June 26, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HARLAN EVANS,

Petitioner - Appellant,

v.

GREG PROVINCE, Warden, and
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents - Appellees.

No. 08-6272
(W.D. Oklahoma)
(D.C. No. 5:08-CV-00711-HE)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **MURPHY,** and **McCONNELL**, Circuit Judges.

This matter is before the court on Harlan Evans's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Evans seeks a COA so he can appeal the district court's denial of his 28 U.S.C.

§ 2254 petition.  28 U.S.C. § 2253(c)(1)(A).  We **grant** Evans's request to

proceed on appeal *in forma pauperis*.  Because Evans has not, however, "made a

substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this

court **denies** his request for a COA and **dismisses** this appeal.

A jury convicted Evans in Oklahoma state court on two counts of

conspiring to traffic in illegal drugs (one conspiracy involving methamphetamine

and one involving marijuana), two counts of trafficking in methamphetamine, one count of unlawful distribution of marijuana, and one count of using a communication facility to facilitate trafficking in illegal drugs. Pursuant to the jury's recommendation, the state trial court sentenced Evans to life plus 285 years' imprisonment. Evans's convictions were affirmed on direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). *Evans v. State*, 157 P.3d 139 (Okla. Crim. App. 2007). The OCCA affirmed the denial of Evans's state-court based request for post-conviction relief in an unpublished order. *Evans v. Province*, No. CIV-08-0711-HE, 2008 WL 5101312 (Okla. Crim. App. Nov. 26, 2008).

Evans then filed the instant § 2254 petition in federal district court, raising ten grounds for relief. The matter was referred to federal magistrate judge Doyle Argo for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). In an exceedingly comprehensive Report and Recommendation, magistrate judge Argo analyzed each ground for relief set out in Evans's § 2254 habeas petition and recommended that the district court deny habeas relief. The district court adopted the Report and Recommendation and denied Evans's petition.

The granting of a COA is a jurisdictional prerequisite to Evans's appeal from the dismissal of his § 2255 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Evans must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the

requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Evans has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Evans need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Evans's appellate filings, the district court's Order, the magistrate judge's well-stated Report and Recommendation, and the entire record before this court, we conclude Evans is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out by magistrate judge Argo in his Report and Recommendation. Accordingly, this court **DENIES** Evans's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge